**Glenn SHADID, et al.**

v.

**Doug JACKSON, et al.**

**No. P–80–53.**

United States District Court, E. D. Texas, Paris Division.

Feb. 27, 1981.

Jim D. Lovett, Clarksville, Tex., for plaintiff.

A. Webb Biard, Paris, Tex., Tommy Allison, Longview, Tex., Jim Hooper, Texarkana, Tex., Clayton Hall, Jack O. Herrington, Clarksville, Tex., for defendants.

## ORDER

JUSTICE, Chief Judge.

This civil rights action was filed by two citizens against one police officer of the City of Clarksville, Texas, two Red River County, Texas, deputy sheriffs, the Sheriff of Red River County, the City of Clarksville, Texas, and the County of Red River, Texas, on December 22, 1980. Plaintiffs allege that they were subjected to unconstitutional brutality at the hands of these defendants. Defendant City of Clarksville and defendant Donald Parks, a Clarksville police officer, are presently represented in this action by a single team of attorneys. Defendant Red River County and defendant Bob Storey, Sheriff of the county, are likewise represented jointly by counsel. Plaintiffs have filed a motion to disqualify counsel from jointly representing the City of Clarksville and Officer Donald Parks on grounds of conflict of interest. Plaintiffs' motion also asks for a determination of the propriety of joint representation of Red River County and the county's sheriff, Bob Storey. Since each of these instances of joint representation raises different concerns, they will be considered separately.

A. *Joint Representation of City of Clarksville and Donald Parks.*

The circumstances presented by this case create an obvious potential for conflict

of interest between these two defendants. Plaintiffs allege serious misconduct by Officer Parks acting under authority accorded him by the City of Clarksville. It is in the interests of this individual defendant to contend that if the events alleged did in fact occur, he was acting at all times in good faith within the scope of his lawful, official duties. Conversely, the City of Clarksville might try to avoid liability by proving that this police officer was acting without authority and outside the scope of his employment. The court does not suggest that these are the only or best trial strategies which these various defendants might adopt. But they demonstrate the serious possibility of conflict of interest which may arise at trial. Moreover, an attorney jointly representing these defendants might find it difficult to protect the confidences of his individual client while serving the interests of the city. In sum, an attorney seeking to represent both of these defendants with utmost zeal might find himself in an untenable position.

The responsibilities of attorneys practicing before this court with respect to such problems are set forth in the Code of Professional Responsibility promulgated by the American Bar Association. Local Rule 3(a) (E.D.Tex.1980). Disciplinary Rule 5–105(B) of the Code states:

> A lawyer shall not continue multiple employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by his representation of another client, or if it would be likely to involve him in representing differing interests, except to the extent permitted under DR5–105(C).

DR5–105(C), which modifies the preceding rule, permits multiple representation of clients by a lawyer

> if it is obvious that he can adequately represent the interest of each and if each consents to the representation after full disclosure of the possible effect of such representation on the exercise of his independent professional judgment on behalf of each.

These cryptic rules are explained more fully in Ethical Consideration 5–15:

> If a lawyer is requested to undertake or to continue representation of multiple clients having potentially differing interests, he must weigh carefully the possibility that his judgment may be impaired or his loyalty divided if he accepts or continues the employment. He should resolve all doubts against the propriety of the representation. A lawyer should never represent in litigation multiple clients with differing interests; and there are few situations in which he would be justified in representing in litigation multiple clients with potentially differing interests. If a lawyer accepted such employment and the interests did become actually differing, he would have to withdraw from employment with likelihood of resulting hardship on the clients; and for this reason it is preferable that he refuse the employment initially.

In addition to the strict provisions regarding conflicts of interest, DR4–101 forbids a lawyer to reveal a confidence or secret of his client without the client's consent in most circumstances.

■ These rules are quite clear in their applicability to the case at bar. It is fundamental to the position of an advocate that his loyalty to his client be undivided. *Storm Drilling Co. v. Atlantic Richfield Corp.*, 386 F.Supp. 830, 833 (E.D.La.1974). Yet the joint representation of these defendants by one attorney creates a high potential for conflicting loyalties. The court is not convinced that a single lawyer can adequately represent the interests of each defendant, as required by DR5–105(C). While an actual conflict might not transpire at trial, there would be tremendous hardship imposed on the court and all parties alike should separate counsel have to be retained in the middle of litigation. *Cannon v. U.S. Acoustics Corp.*, 398 F.Supp. 209 (N.D.Ill.1975), *aff'd in pertinent part*, 532 F.2d 1118 (7th Cir. 1976) (*per curiam*). That is why the Code of Professional Responsibility requires that all doubts be resolved against the propriety of joint representation. Ethical Consideration 5–15.

The Court of Appeals for the Fifth Circuit recently took note of the potential for serious conflict which exists in a case of this type. In *Van Ooteghem v. Gray*, 628 F.2d 488, 495, n. 7 (1980), the Court noted that the interests of a public employee and his employer, as co-defendants in a § 1983 action, are generally adverse to one another. "Adverse interests in litigation," the court continued, "require adverse legal counsel." *Id.* at 514. This statement by the Court of Appeals strongly implies, totally apart from the provisions of the Code of Professional Responsibility quoted above, that joint representation of defendants in such circumstances is impermissible.

While this court is reluctant to interpose itself into the decision of any litigant to retain the attorney of its choice, "a district court is obliged to take measures against unethical conduct in connection with any proceeding before it." *Musicus v. Westinghouse Electric Corp.*, 621 F.2d 742, 744 (5th Cir. 1980) (*per curiam*). Defendants correctly observe that "no conflict can exist so long as these defendants make common cause", but there is no way of knowing if and when that strategic posture may change. It is clear that the interests of these defendants and the integrity of the judicial process will best be served if the City of Clarksville retains counsel separate from the counsel who represents the individual defendant, Donald Parks, in this action. The potential for abuse is far too serious to permit joint representation to continue, even in the face of an apparent waiver signed by both of these defendants. The court is not convinced that a knowing and intelligent waiver by these defendants of their right to separate counsel, if possible under the circumstances, would cure the unfairness inherent in the multiple representation of clients with potentially adverse interests.

### B. *Joint Representation of Red River County and Bob Storey.*

At first glance, the problem raised by the joint representation of the county and its sheriff, Bob Storey, appears identical to

that analyzed in the preceding portion of this opinion. But a recent line of cases decided by the Court of Appeals for the Fifth Circuit indicates that no tangible potential for conflict of interest exists between these particular parties. Following the decisions of the United States Supreme Court in *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) and *Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980), the Court of Appeals attempted to delineate the scope of municipal liability under 42 U.S.C. § 1983 in *Familias Unidas v. Briscoe*, 619 F.2d 391 (5th Cir. 1980). The Supreme Court had held that a municipality could be sued directly where an agent's alleged action implemented a governmental policy or executed a custom or usage with the force of law. *Monell*, 436 U.S. 690–91, 98 S.Ct. at 2035–36. Relying upon that decision, the Court of Appeals observed that "[a]ctions for damages against a party in his official capacity are, in essence, actions against the governmental entity of which the officer is an agent." *Familias*, 619 F.2d at 403. Since the public official stood in the shoes of the governmental unit, and since that entity was not entitled to assert the good faith immunity of its employees as a defense, *Owen v. City of Independence*, 445 U.S. at 638, 100 S.Ct. at 1409, the government agent sued in his official capacity was likewise precluded from interposing the defense of qualified good faith immunity. *Familias*, 619 F.2d at 403, n. 12.

Thus, if a public official is sued for acts which must be attributed to the government which employs him, there can be no diversity of interest between the individual and the governmental unit since the government is wholly liable for his actions. It remained to be determined what sort of activities fell wholly within this area of official conduct. With respect to the system of county government in Texas, the Court of Appeals made the following findings:

Because of the unique structure of county government in Texas, the judge—like other elected county officials, such as the

sheriff and treasurer—holds virtually absolute sway over the particular tasks or areas of responsibility entrusted to him by state statute and is accountable to no one other than the voters for his conduct therein .... Thus, at least in those areas in which he alone, is the final authority or ultimate repository of county power, his official conduct and decisions must necessarily be considered those of one 'whose edicts or acts may fairly be said to represent official policy' for which the county may be held accountable under Section 1983.

619 F.2d at 404, quoting *Monell*, 436 U.S. at 694, 98 S.Ct. at 2037.

■ In this case, plaintiffs allege that Sheriff Storey failed to properly test and screen job applicants for the position of deputy sheriff and that he failed to provide proper supervision of his deputies in the Red River County Jail. There is no doubt that both of these areas fall within the scope of duties where the sheriff is the final authority, the ultimate repository of county power. State law empowers county sheriffs to appoint deputy sheriffs who serve in office at the pleasure of the sheriff. Tex. Rev.Civ.Stat.Ann., Art. 6869 (Vernon's 1960). That statute implements a public policy according complete discretion to the sheriff in hiring and firing his deputies. *Murray v. Harris*, 112 S.W.2d 1091, 1093 (Tex.Civ.App.—Amarillo 1938, writ ref'd). Similarly, county sheriffs are empowered to supervise and control the day-to-day operation of the county jails. Tex.Rev.Civ.Stat. Ann., Art. 5116 (Vernon's Supp. 1980–81). Thus, all of plaintiffs' allegations concerning Sheriff Storey pertain to those responsibilities which can be directly attributable to the county itself. Since the suit against Sheriff Storey is, in effect, a suit against the county as such, no conflict can potentially develop between the interests of defendant Bob Storey and defendant Red River County in this litigation.

The court's conclusion in this regard is buttressed by the opinion of the Court of Appeals for the Fifth Circuit in *Van Ooteghem v. Gray*, 628 F.2d 488 (1980), the very opinion which raised the possibility of conflict in a § 1983 proceeding. The defendant in *Van Ooteghem* was a county treasurer, one of the elected county officials specified in *Familias* as possessing final authority in specified areas. Applying the reasoning of *Familias*, the Court held that actions by an individual official within those areas of responsibility must be attributed to the county itself as official governmental policy. *Van Ooteghem*, 628 F.2d at 494–95. Since the county treasurer was accorded authority to hire and fire his assistants at his discretion, his actions in dismissing the plaintiff represented county policy for which the county itself would be held accountable. *Id.* Thus, while noting that joint representation of a governmental unit and its employee could cause a conflict of interest in some § 1983 settings, there was no conflict problem with respect to the county treasurer's official actions in *Van Ooteghem*. The same conclusion applies to the alleged actions of Sheriff Storey in the case at bar.

On the basis of the foregoing, it is accordingly ORDERED:

(1) Defendant Donald Parks must be represented in this action by counsel separate and distinct from counsel representing defendant City of Clarksville, Texas. Separate counsel shall be retained as soon as practicable;

(2) Plaintiffs' motion for disqualification of counsel is, in all other respects, DENIED.