■ In the Matter of MICHAEL G. SHANNON et al., Respondents-Appellants, and DONGAN HILLS UNITED CIVIL ASSOCIATION, Intervenor-Respondent, v JAMES E. INTRONE, as Acting Commissioner of the New York State Office of Mental Retardation and Developmental Disabilities, et al., Appellants-Respondents. — In a proceeding pursuant to CPLR article 78, *inter alia,* to prohibit the New York State Office of Mental Retardation and Developmental Disabilities and the Staten Island Developmental Center from establishing a community residential facility at 490 Buel Avenue, the parties cross-appeal from a judgment of the Supreme Court, Richmond County, dated October 15, 1980, which, *inter alia,* enjoined the establishment of a community residential facility at 490 Buel Avenue and declared any lease or certificate for the establishment of such facility at that address is null and void, but did so without prejudice to the right of the New York State Office of Mental Retardation and Developmental Disabilities *et al.,* to proceed *de novo,* by notifying Community Board No. 2, pursuant to section 41.34 (subd [b], par [1]) of the Mental Hygiene Law, of their intention to establish a community residence facility at the address. Judgment reversed, on the law, without costs or disbursements, and proceeding dismissed on the merits. Petitioners commenced this proceeding, *inter alia,* to prohibit appellant-respondent New York State Office of Mental Retardation and Developmental Disabilities, *et al.,* from establishing a community residence facility for three patients at 490 Buel Avenue, Staten Island. They contend (and the appellants-respondents do not controvert) that the appellants-respondents failed to give to the community board having jurisdiction over the neighborhood in which the facility is to be located the advance notice contemplated by section 41.34 (subd [b], par [1]) of the Mental Hygiene Law. Section 41.34 (subd [a], par [1]) defines, for purposes of that section, " 'Community residential facility for the disabled' " as, *inter alia,* a facility "which provides a supervised residence for *four* to *fourteen* mentally disabled persons" (emphasis added). Special Term concluded that, because the intent of the Legislature was to provide greater community input into the selection of sites for such facilities, the notice provisions of the section should apply to residences for fewer than four persons. We disagree, and need go no further than to

rely on the well-established rule of statutory construction that where the words of a statute are free from ambiguity and doubt, and express plainly, clearly and distinctly the intent of the Legislature, there is no need to resort to other means of interpretation (see *Meltzer v Koenigsberg,* 302 NY 523, 525). Section 41.34 requires notice only if a residential facility, as defined in that section, is contemplated. By definition, a residential facility must house 4 to 14 persons. The facility proposed at bar, which is to house only three persons, is not a " 'Community residential facility for the disabled' " for purposes of the section, and the notice provisions of the section therefore do not apply. We also reject petitioners' alternate contention that notice is required by section 41.33 of the Mental Hygiene Law. That section requires approval of the local governmental unit before State aid may be granted to voluntary agencies for purposes of constructing or acquiring and operating facilities for the mentally disabled. No such aid to any voluntary agency is contemplated in the instant proceeding; section 41.33 is, therefore, inapplicable. Petitioners have pointed to no other authority in support of their contention that 'prior notice was required in this matter. It follows, therefore, that the judgment must be reversed and the proceeding dismissed (cf. *Matter of Nippes v Kolb,* Supreme Ct., NY County, Nov. 14, 1979, Tyler, J.). Titone, J.P., Lazer, Mangano and Cohalan, JJ., concur.