■ Donald Death et al., Respondents, v Marie Salem, Respondent, et al., Defendants, and Nassau County et al., Appellants. — In a defamation action, the Nassau County defendants appeal from (1) so much of an order of the Supreme Court, Nassau County (Berman, J.), dated October 4, 1984, as granted defendant Marie Salem's motion for reimbursement by Nassau County of attorney's fees incurred by independent counsel in her defense; and (2) so much of a further order of the same court (Becker, J.), dated January 17, 1985, as denied their motion for a protective order.

Order dated October 4, 1984 affirmed insofar as appealed from.

Order dated January 17, 1985 affirmed insofar as appealed from. No opinion.

Respondents, appearing separately and filing separate briefs, are awarded one bill of costs.

On or about August 3, 1983, plaintiffs Donald Death and Donald Death, Jr., instituted the instant action in the Supreme Court, Nassau County, alleging *inter alia,* that defendant Marie Salem, a Nassau County Assistant District Attorney, had published or caused to be published to various persons in writing certain false and defamatory statements concerning plaintiffs.

Also named as defendants in the suit were Denis Dillon, District Attorney of Nassau County, and Nassau County.

After determining, pursuant to Nassau County Administrative Code § 22.2-8 (3) (a), that defendant Marie Salem was acting within the scope of her employment when the allegedly defamatory statement in question was made, the County Attorney of Nassau County undertook to conduct Salem's defense as well as that of codefendants Denis Dillon and the County of Nassau. No question regarding the propriety of the multiple representation was raised when the suit was commenced in August of 1983.

Significantly, by letter dated April 10, 1984, the County Attorney's office informed Salem that punitive damages were demanded against her individually and that, pursuant to Public Officers Law § 18, the county could not indemnify her therefor. The County Attorney further advised that although he would represent her on the matter, she could, at her own expense, retain independent counsel to advise her with regard to the demand for punitive damages. Salem did consult outside counsel, and she contends that she then discovered for the first time that the County Attorney, in the joint answer filed on behalf of all the defendants, had denied information sufficient to form a belief as to whether: (1) Salem was a resident of Nassau County; (2) Salem "embarked on a course of action designed to libel the plaintiffs by the publication of false and defamatory statements of and concerning plaintiffs in various newspapers"; and (3) Salem composed the alleged defamatory matter with "actual malice". Similar allegations of wrongdoing on the part of the other defendants were fully denied. Moreover, after denying information sufficient to form a belief as to the principal acts in suit allegedly committed by Salem, including the allegation of publication with actual malice, the County Attorney, nevertheless, interposed an affirmative defense that Salem was acting within the scope of her employment when the alleged defamation was published. At this point, a dispute arose as to the County Attorney's representation of Salem. Arguing that a conflict of interest existed between her and Nassau County, Salem attempted to discharge the County Attorney, and, pursuant to the Public Officers Law § 18 (3) (b) and Nassau County Administrative Code § 22-2.8 (2) (b), she sought reimbursement for the reasonable attorney's fees expended in connection with the retention of independent counsel.

After determining, pursuant to Nassau County Administrative Code § 22-2.8 (2) (b) that his representation of all defendants created no conflict, the County Attorney rejected the request for reimbursement of fees and, moreover, refused to

withdraw as counsel for Salem even though she no longer wished to have him conduct her defense.

Salem then moved for an order directing, *inter alia,* (1) that the County Attorney withdraw as her counsel; (2) that her own independent counsel be substituted therefor; and (3) that the reasonable fees of said independent counsel be paid by Nassau County pursuant to Public Officers Law § 18 (3) (b) and the Nassau County Administrative Code § 22-2.8 (2) (b). Special Term granted the relief requested, citing a potential conflict of interest arising from the assertion of punitive damages, the County Attorney's "unusual" responses to the allegations in the complaint directed against Salem, and the potential for conflict with respect to the question of whether Salem acted within the scope of her employment. We affirm insofar as appealed from.

It is settled that an attorney may not place himself in a position where a potential conflicting interest may, even inadvertently, affect or create the appearance of affecting his personal judgment or duty of undivided loyalty to his clients (*Matter of Hof,* 102 AD2d 591, 595). Doubts as to the existence of a conflict of interest are to be resolved in favor of disqualification (*Narel Apparel v American Utex Intl.,* 92 AD2d 913, 914). Moreover, the disqualification of an attorney is a matter which rests within the sound discretion of the court and will not be overturned absent a showing of abuse (*Schmidt v Magnetic Head Corp.,* 101 AD2d 268, 277).

At bar, the County Attorney appears to have displayed a tendency to reserve his most zealous advocacy for the defense of Salem's codefendants. Although an allegation accusing Denis Dillon of committing the defamatory acts in issue through agents and later of publishing the alleged statement has been fully denied, allegations directed solely against Salem relating to the same alleged publication have been denied upon information and belief. Moreover, in the consolidated suit commenced subsequently against Nassau County District Attorney press spokesman Edward Grilli, similar allegations arising out of the same alleged libel have also been fully denied. No substantive explanation has been offered for the different treatment accorded Salem in the framing of the joint answer and the Grilli answer. The County Attorney's unwillingness to affirmatively deny the allegation of wrongdoing directed against Salem might be construed to suggest that the county, through its official counsel, believes that Salem acted outside the purview of official sanction while the other defendants did not. Such an attitude, even if unconsciously projected, may color a jury's determination with respect to whether Salem acted within the scope of her

employment, thereby increasing the possibility that punitive damages might be assessed. Despite the affirmative contention that Salem acted within the scope of her employment, there still exists the possibility, as evidenced by the unusual treatment accorded Salem in the framing of the joint answer, that the County Attorney may, perhaps unconsciously, seek to create distance between Salem and the county (*Dunton v County of Suffolk,* 729 F2d 903, *mod on other grounds* 748 F2d 69). This is not to suggest that such multiple representation must always result in a conflict of interest. However, since there is some doubt as to whether the multiple representation at bar will effectively further the interests of the defendants jointly represented, we resolve, as we must, all such doubts in favor of disqualification (*Narel Apparel v American Utex Intl.,* 92 AD2d 913, 914, *supra*). Such disqualification, moreover, will be in the best interests of all parties involved. "While an actual conflict might not transpire at trial, there would be tremendous hardship on the court and all parties should separate counsel have to be retained in the middle of litigation" (*Shadid v Jackson,* 521 F Supp 87, 89). Lazer, J. P., Mangano, O'Connor and Brown, JJ., concur.