■ In the Matter of EDWARD GALLIGAN et al., Appellants, v CITY OF SCHENECTADY, Respondent.—Harvey, J. Appeal from an order of the Supreme Court at Special Term (Brown, J.), entered March 20, 1985 in Schenectady County, which dismissed petitioners' application, in a proceeding pursuant to Public Officers Law § 18 (3) (b), for a declaration that petitioners were entitled to counsel of their choice in a pending Federal civil action.

Petitioners, with the exception of Schenectady Patrolmen's Benevolent Association, are codefendants with respondent, the City of Schenectady, in an action commenced by Anthony Ferrara in the United States District Court pursuant to 42 USC § 1983. The basis for that action was an incident which occurred in the city when the police determined that an attempt to commit an armed robbery of a supermarket was imminent. It was alleged that the police fired bullets at the car which Ferrara was operating, one of which struck him. A subsequent arrest was brought about by alleged excessive force. Additionally, there were allegations of malicious prosecution and numerous violations of Ferrara's constitutional rights.

All defendants in the Federal action are being defended by the city's corporation counsel pursuant to its interpretation of Public Officers Law § 18. Petitioners have demanded that they be permitted to retain counsel of their own choosing at city expense. The basis for this demand is their contention that a conflict of interest exists between the city and them to such an extent as to prejudice their rights in the litigation.

The statutory law determinative of the issue herein is Public Officers Law § 18 (3) (b), which reads: "Subject to the conditions set forth in paragraph (a) of this subdivision, the employee shall be entitled to be represented by private counsel of his choice in any civil action or proceeding whenever the chief legal officer of the public entity or other counsel designated by the public entity determines that a conflict of interest *exists,* or whenever a court, upon appropriate motion or otherwise by a special proceeding, determines that a conflict of interest exists and that the employee is entitled to be represented by counsel of his choice" (emphasis supplied). This proceeding was commenced to obtain a court determination as

to the existence of a conflict of interest. Special Term denied the application and this appeal by petitioners ensued.

In actions of this nature, a conflict of interest may arise between the municipality and the individual defendants such as that described by the court in *Dunton v County of Suffolk* (729 F2d 903, 907, *mod* 748 F2d 69), in the following manner: "A municipality may avoid liability by showing that the employee was not acting within the scope of his official duties, because his unofficial actions would not be pursuant to municipal policy. The employee, by contrast, may partially or completely avoid liability by showing that he was acting within the scope of his official duties. If he can show that his actions were pursuant to an official policy, he can at least shift part of his liability to the municipality. If he is successful in asserting a good faith immunity defense, the municipality may be wholly liable because it cannot assert the good faith immunity of its employees as a defense to a section 1983 action. *Owen v City of Independence,* 445 U.S. 622". The city contends that no conflict of interest exists because it has answered the Federal complaint by asserting that petitioners' efforts to prevent the robbery were clearly within the scope of their employment and cannot in any way be construed as unauthorized or unofficial acts.

Petitioners rely upon conjecture in formulating their opinions as to a conflict of interest. However, the statute does not call upon the court to make a determination of possibilities that a conflict of interest may arise in the future. The language of the statute requires the court to make a determination as to whether a conflict of interest presently exists. The language of the section is clear and unambiguous. In such a situation, the court is to apply: "the well-established rule of statutory construction that where the words of a statute are free from ambiguity and doubt, and express plainly, clearly and distinctly the intent of the Legislature, there is no need to resort to other means of interpretation" *(Matter of Shannon v Introne,* 80 AD2d 834, 835, *affd* 53 NY2d 929 [citation omitted]). The status of the pleadings in the Federal action at this time is that the answer affirms the fact that the individual defendants were in the performance of their official duties in which they were acting in good faith. Consequently, no present conflict exists. Neither should it be contemplated that a conflict will be created in the future. The judgment of defense counsel to present a united front against the plaintiff cannot be faulted.

Petitioners further contend that in the event a verdict

might include punitive damages against them, a conflict would exist because a municipality may not indemnify the obligation of governmental employees to personally satisfy punitive damage claims incurred (Public Officers Law § 18 [4] [c]). The city affirmatively contends that petitioners were acting within the scope of their employment and performing a duty required of them. Under such circumstances, a public officer cannot be the subject of an award of exemplary damages, even if it is demonstrated that his motives are malicious *(Miller v City of Rensselaer,* 94 AD2d 862, 863; *see, Brandt v Winchell,* 3 NY2d 628, 635).

Order affirmed, without costs, and without prejudice to petitioners' right to renew the application if warranted by future circumstances. Main, J. P., Casey, Weiss, Yesawich, Jr., and Harvey, JJ., concur.