OPINION OF THE COURT
George M. Bergerman, J.
This is an application by the defendant Police Officer Kilduff which is joined in by defendant Police Officers Palacios, Valentino and Rose for an order pursuant to Public Officers Law § 18 (3) Ob) directing defendant Town of Clarkstown to permit the police officer defendants to be represented by counsel of their choice and for reimbursement for counsel fees and litigation expenses and directing Clarkstown’s counsel to withdraw as attorney for said defendants. The individual police officer defendants are employed by the defendant municipality and the same attorney presently represents both the Town and the police officers. Defendant Clarkstown and plaintiff Daniel England oppose the application.
Plaintiff Daniel England’s first cause of action alleges that on March 6, 1989 between 3:00 and 3:20 p.m. he was assaulted/ beaten by the police officer defendants who used excessive and unreasonable force in effecting his arrest.
Plaintiff Daniel England’s third cause of action alleges that on March 6, 1989 between 3:20 p.m. and midnight (while he was in the custody of the police following his arrest) he was again assaulted by the police officer defendants who used excessive and unreasonable force and otherwise beat and mistreated him.
Plaintiff Daniel England’s second and fourth causes of action are for violation of his civil rights (42 USC § 1983) arising out of the assaults/beatings which are alleged in the first and third causes of action.
The defendant police officers are sued individually and the plaintiff seeks punitive damages against the individual police officers.
With respect to the second assault/beating which allegedly occurred on March 6, 1989, the plaintiff Daniel England contends that the police officers’ activities "were performed with the knowledge, permission and consent of the various *836 members of the Clarkstown Police Department who were on duty at the time, both field officers and supervising officers, and of the Clarkstown Police Department, Town of Clarkstown; none of the aforesaid defendants and personnel did anything to prevent the defendants from participating in the aforesaid activities.” (Fourth cause of action para 22, 42 USC § 1983.) Defendants’ answer denies these allegations.
Plaintiff Daniel England’s complaint further alleges that "The activities complained of in the third cause of action were part of a pattern or practice of indifference on the part of officials of the Clarkstown Police Department, Town of Clarkstown, and condonation of excessive and unreasonable force by police officers toward persons in custody.” (Fourth cause of action para 23, 42 USC § 1983.)
The court notes that defendants have admitted in their answer that the police officer defendants were acting in the "course” of their employment with the Clarkstown Police Department.
Public Officers Law § 18 (3) (b) provides that an "employee shall be entitled to be represented by private counsel of his choice in any civil action or proceeding whenever the chief legal officer of the public entity * * * determines that a conflict of interest exists, or whenever a court * * * determines that a conflict of interest exists and that the employee is entitled to be represented by counsel of his choice”.
Defendant KildufFs attorney by letter dated August 25, 1995 to the Clarkstown Town Attorney alleged that a conflict of interest existed and requested that the firm of Lysaght, Lysaght and Kramer, P. C. be designated as attorney for the police officer defendants to be reimbursed by the Town. This request was summarily denied by the Town of Clarkstown on the grounds that no conflict of interest existed.
Initially, the court notes that the Town fails to controvert the police officers’ allegations that they were never informed by the Town’s counsel that they could be found individually liable and could be personally liable for punitive damages. Nor did the Town’s counsel ever inform the officers about the potential conflict which could exist in any civil rights action whereby a municipality can avoid liability by demonstrating that the employees were not acting within the scope of their official duties because their unofficial actions would not be pursuant to municipal policy. (Owen v City of Independence, 445 US 622.)
Nor did the Town’s counsel advise the police officers that if they could demonstrate that their actions were pursuant to an *837 official policy, they could shift their liability to the municipality. The officers were not advised that if they were successful in asserting a good-faith immunity defense, the Town would be wholly liable because it would not be permitted to assert the good-faith immunity of its employees as a defense to a 42 USC § 1983 action. (Owen v City of Independence, supra, at 638, 657.)
The Town of Clarkstown proffers Matter of Galligan v City of Schenectady (116 AD2d 798 [3d Dept 1986]) as the controlling precedent in a situation where an alleged conflict of interest exists between a municipality and its employees in a civil rights action. While Galligan recognizes the obvious conflict • that could arise under these circumstances, it applies the rule of strict statutory construction in interpreting the provisions of Public Officers Law § 18 (3) (b) and requires that proof of an actual, presently existing conflict is required before the court will require separate representation. Since the municipal employees in Galligan were unable to demonstrate a presently existing conflict and had alleged only the "possibilities” of future conflict, the Court refused to exercise its discretion to appoint separate counsel pursuant to Public Officers Law § 18.
However, in Death v Salem (111 AD2d 778) the Second Department held that under appropriate circumstances where the "possibility” of a conflict of interest exists the court may exercise its discretion and order the disqualification of counsel and the appointment and reimbursement of separate counsel pursuant to Public Officers Law § 18 (3) (b). In Death, the Court was concerned with the action of the municipality’s attorney in its unwillingness to affirmatively, in its answer, deny the allegations of wrongdoing directed against the employee defendant by the plaintiffs complaint. While Death does not suggest that multiple representation of municipal employees in a civil rights action must always result in a conflict of interest (Death v Salem, supra, at 781), it clearly recognizes that "an attorney may not place himself in a position where a potential conflicting interest may, even inadvertently, affect or create the appearance of affecting his personal judgment or duty of undivided loyalty to his clients (Matter of Hof, 102 AD2d 591, 595).” (Death v Salem, supra, at 780.) Accordingly, Death focuses on the ethical considerations attendant to multiple representation and not solely on the construction of Public Officers Law § 18 (3) (b) (see also, Dunton v County of Suffolk, 729 F2d 903).
The court is compelled to follow the Appellate Division, Second Department’s direction in determining whether the *838 "possibility” of a conflict exists which would warrant disqualification of counsel and the appointment of separate counsel. With regard to the "possibility” of conflict, the court’s concern is twofold:
First, the action/inaction of the attorney currently representing the police officers and the Town is troubling. Counsel never advised these officers of the potential conflicts that could exist between the Town and its employees in a civil rights action. Nor did he inform the defendants that they could be held individually liable and that they were being sued individually for punitive damages. Furthermore, counsel has not been cooperative in providing the defendant police officers with copies of pleadings and motion papers which are germane to the court’s inquiry herein.
Second, the court notes that the answer interposed on behalf of the police officers fails to assert the "good faith immunity” defense that the police officers were acting pursuant to Town policy. If the officers were successful in asserting such a defense, the Town could be found to be totally liable. (Owen v City of Independence, supra, at 638, 657.) Not only is this defense not pleaded, but the officers were never informed of its existence. The absence of this defense in the answer creates doubt as to whether counsel’s personal judgment or duty of individual loyalty to the police officer clients has been affected. (Matter of Hof, supra, at 595.)
In Death (supra, at 781), the Appellate Division reasoned that where the Court had "some doubt as to whether the multiple representation at bar will effectively further the interests of the defendants jointly represented, we resolve, as we must, all such doubts in favor of disqualification (Narel Apparel v American Utex Intl., 92 AD2d 913, 914, supra).”
Since this court has doubts about permitting the multiple representation, it is constrained to grant the relief requested by the individual police officers.
Furthermore, the granting of the requested relief will be in the best interests of all parties. This is a consolidated action with numerous parties and witnesses and the court anticipates a protracted trial. If an actual conflict were to become apparent during the trial "there would be a tremendous hardship on the Court and all the parties should separate counsel have to be retained in the middle of the litigation”. (Shadid v Jackson, 521 F Supp 87, 89.)
The application of the individual police officers is granted to the extent that Joseph A. Maria P. C. is hereby disqualified *839 from representing the police officer defendants. The police officer defendants will be permitted to select an attorney of their choice and shall all be represented by the same attorney. The Town of Clarkstown shall be responsible for the payment of all reasonable attorneys’ fees and litigation expenses from time to time during the pendency of the action, with the approval of the Town Board. (Public Officers Law § 18 [3] [b].)
Any dispute regarding the amount of litigation expenses or the reasonableness of attorneys’ fees shall be resolved by the court. (Public Officers Law § 18 [3] [c].)