■ In the Matter of GREGORY AMATO, Appellant, v TOWN OF CARMEL et al., Respondents. [668 NYS2d 98] —In a proceeding pursuant to CPLR article 78, *inter alia*, to compel the respondents to pay the legal fees and disbursements incurred for the

petitioner's defense of a certain Federal action, the petitioner appeals from a judgment of the Supreme Court, Putnam County (Braatz, J.), dated March 21, 1997, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Public Officers Law § 18 (3) (b) provides that an "employee shall be entitled to be represented by private counsel of his choice in any civil action or proceeding whenever the chief legal officer of the public entity * * * determines that a conflict of interest exists, or whenever a court * * * determines that a conflict of interest exists and that the employee is entitled to be represented by counsel of his choice."

We agree with the Supreme Court that the facts of this case do not establish a conflict of interest within the meaning of Public Officers Law § 18 (3) (b) (see, Matter of Galligan v City of Schenectady, 116 AD2d 798). Bracken, J. P., Rosenblatt, Ritter and Friedmann, JJ., concur.