■ In the Matter of FRANK SCIMECA et al., Appellants, v BRENTWOOD UNION FREE SCHOOL DISTRICT et al., Respondents. [35 NYS3d 379]—

In a proceeding pursuant to CPLR article 78, inter alia, in effect, to review a determination of the Brentwood Union Free School District dated October 18, 2013, that the petitioners were not entitled to reimbursement of attorneys' fees and litigation expenses they incurred in a case pending before the New York State Division of Human Rights, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Spinner, J.), entered May 8, 2014, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioners, employees of the Brentwood Union Free School District (hereinafter the School District), were the subject of a complaint filed by another employee with the New York State Division of Human Rights (hereinafter SDHR) against them and the School District. The petitioners sought defense and indemnification from the School District, and a law firm other than the law firm representing the School District was assigned by the School District's insurance carrier to represent the petitioners in the SDHR proceeding. The petitioners thereafter informed the School District that, in light of a perceived conflict of interest between them and the School District, they had selected their own counsel and sought payment of fees and litigation expenses pursuant to Public Officers Law § 18 related to that representation. On October 18, 2013, the School District determined that it would not pay fees

and litigation expenses arising from the petitioners' representation by their own counsel.

The petitioners subsequently commenced this proceeding pursuant to CPLR article 78, in effect, to review that determination, and to direct the School District to reimburse them for the subject fees and expenses. The Supreme Court denied the petition and dismissed the proceeding.

Education Law § 3811 and Public Officers Law § 18 both provide for the defense and indemnification of employees by certain public entities in certain actions or proceedings (*see* Education Law § 3811 [1]; Public Officers Law § 18 [3] [a]; [4] [a]). Public Officers Law § 18 was enacted to remedy "the inconsistencies resulting from the Legislature's 'piecemeal approach to enacting defense and indemnification protection for various municipal employees' " (*Matter of Coker v City of Schenectady*, 200 AD2d 250, 252 [1994], quoting Rep of Law Rev Commn, 1981 McKinney's Session Laws of NY at 2317), by providing uniform provisions for their defense and indemnification (*see Zimmer v Town of Brookhaven*, 247 AD2d 109, 112 [1998]; Rep of Law Rev Commn, 1981 McKinney's Session Laws of NY at 2317). That statute only applies, however, to a public entity whose governing body has agreed to confer the benefits of the statute upon its employees (*see* Public Officers Law § 18 [2] [a]; *Zimmer v Town of Brookhaven*, 247 AD2d at 112). Here, the School District determined to confer the benefits of Public Officers Law § 18 on its employees, but, as that statute specifically authorizes, specified that "[t]he benefits accorded to District employees under Section 18 of the Public Officers Law shall supplement and be available in addition to defense and indemnification protection conferred by other enactments or provisions of law," such as Education Law § 3811 (*see* Public Officers Law § 18 [12]).

Contrary to the School District's contention, Education Law § 3811 does not exclusively govern the retention of counsel for a School District employee entitled to a defense under that statute and Public Officers Law § 18. Public Officers Law § 18 (3) (b), applies in the event that either the employer or a court determines that a conflict of interest exists and permits an employee eligible for defense by the employer to be represented by private counsel of his or her choice. The School District incorrectly argues that this provision is inconsistent with Education Law § 3811. The latter statute provides that the trustees or board of education have the right to designate and appoint legal counsel for an eligible employee as long as they do so within 10 days of receiving notice of the relevant action

or proceeding, otherwise the employee may select his own legal counsel (*see* Education Law § 3811 [1] [b]). This provision does not address whether the trustees or the board retain that right even when a conflict exists between the School District and the employee. Thus, the two sections can be read together to provide that the trustees or the board have the right to designate and appoint counsel within 10 days of receiving notice of an action or proceeding, unless the School District and the employee have conflicting interests, in which case the employee is permitted to select his or her own counsel. Under this reading, Public Officers Law § 18 supplements Education Law § 3811 by addressing and making provision for a specific set of circumstances not addressed in the latter statute.

Nevertheless, the School District correctly argues, in the alternative, that no conflict of interest existed between it and the petitioners with respect to the subject SDHR complaint, and that there is no evidence that the School District ever determined otherwise. The SDHR complaint, which was asserted against the School District and the petitioners jointly, does not allege that the petitioners committed any acts outside the scope of their employment. Significantly, the School District, in its response to the complaint, did not assert that the petitioners were acting outside the scope of their employment, or that they acted improperly in any way. Rather, the School District categorically denied all of the allegations in the complaint, countered each of the allegations with detailed facts aimed at demonstrating their falsity, and asserted that it was the complainant who had threatened and intimidated one of the petitioners. Accordingly, no conflict of interest existed between the School District and the petitioners with regard to the subject SDHR complaint as would entitle the petitioners to select private counsel, payable by the School District (*see Matter of Galligan v City of Schenectady*, 116 AD2d 798 [1986]; *cf. Death v Salem*, 111 AD2d 778, 780 [1985]). The petition was, therefore, properly denied, and the proceeding properly dismissed. Balkin, J.P., Miller, Hinds-Radix and Brathwaite Nelson, JJ., concur.