Cropper v New York City Tr. Auth. (2024 NY Slip Op 00352)

Cropper v New York City Tr. Auth.

2024 NY Slip Op 00352

Decided on January 25, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 25, 2024

Before: Moulton, J.P., Kapnick, Mendez, Higgitt, O'Neill Levy, JJ. 

Index No. 154550/21 Appeal No. 1526 Case No. 2023-02261 

[*1]Cuman Cropper, Plaintiff-Appellant,
v
New York City Transit Authority, Defendant-Respondent.

Sullivan Papain Block McGrath Coffinas & Cannavo P.C., New York (Christopher J. DelliCarpini of counsel), for appellant.
Anna J. Ervolina, MTA Law Department, Brooklyn (Yolanda L. Ayala of counsel), for respondent.

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered April 19, 2023, which granted defendant New York City Transit Authority's (NYCTA) motion for summary judgment dismissing the complaint and denied plaintiff Cuman Cropper's motion for summary judgment on his claim to recover indemnification as assignee of nonparty Martin Stewart, unanimously affirmed, without costs.
In a prior action, plaintiff sought to recover damages from NYCTA, Stewart, and other parties for injuries he sustained when his bicycle was struck by a cab door and he was thrown in front of a NYCTA bus driven by Stewart. In the prior action, NYCTA's motion to withdraw as counsel for Stewart due to his failure to cooperate in the defense was granted without opposition. Plaintiff subsequently was granted partial summary judgment as to liability against Stewart after Stewart's answer was stricken for failure to comply with discovery. A trial eventually took place, and the jury found NYCTA vicariously liable. Judgment was entered against Stewart, NYCTA, and the other defendants. However, on appeal by NYCTA, this Court vacated the judgment and dismissed the complaint against NYCTA, finding that Stewart was not negligent because he was faced with an emergency situation when plaintiff fell in front of the NYCTA's bus after his bicycle was struck by an opening cab door (Cropper v Stewart, 117 AD3d 417 [1st Dept 2014], lv denied 24 NY3d 914 [2015]).
Plaintiff, as assignee of Stewart, now seeks to compel NYCTA to indemnify Stewart for the judgment against him under Public Authorities Law § 1212(3). Contrary to plaintiff's arguments, assuming without deciding that Stewart's assignment of his rights is permissible, NYCTA's obligation to indemnify employees is also governed by Public Officers Law § 18(5), which provides that "[t]he duty to defend or indemnify and save harmless prescribed by this section shall be conditioned upon . . .the full cooperation of the employee in the defense of such action . . ." Public Officers Law § 18 was enacted to remedy "the inconsistencies resulting from the Legislature's 'piecemeal approach to enacting defense and indemnification protection for various municipal employees'" (Matter of Coker v City of Schenectady, 200 AD2d 250, 252 [1994], quoting 1981 Report of Law Rev Commn, 1981 McKinney's Session Laws of NY, at 2317; see also Matter of Scimeca v Brentwood Union Free Sch. Dist., 140 AD3d 1174, 1176 [2nd Dept 2016]). Public Officers Law § 18 applies to "any public entity: (a) whose governing body has agreed by the adoption of . . . bylaw . . . to confer the benefits of this section upon its employees, and (ii) to be held liable for the costs incurred under these provisions" (Public Officers Law § 18[2][a]), and NYCTA's bylaws expressly adopt section 18. Accordingly, as Supreme Court found, Public Authorities Law § 1212(3) is a general statute that is supplemented by the more specific statute, Public Officers Law § 18(5), as adopted by NYCTA's [*2]bylaws, and the "full cooperation" requirement applies (see Matter of Scimeca, 140 AD3d at 1176). The record establishes that Stewart, angered that his employment had been terminated by NYCTA, failed to cooperate with NYCTA's defense of the underlying personal injury action, including by refusing to appear for scheduled depositions.
Moreover, the prior order of this Court, which found that Stewart was faced with an emergency not of his own making and vacated the vicarious liability finding against NYCTA, extinguished any indemnification obligation to Stewart, warranting dismissal of plaintiff's complaint herein.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 25, 2024