■ Hempstead Bank, Respondent, v Reliance Mortgage Corporation et al., Appellants. — In an action to recover payment based on a promissory note and guarantee, defendants appeal from an order of the Supreme Court, Nassau County, dated September 10, 1980, which denied their motions to dismiss the action for failure to join indispensable parties and to disqualify the law firm representing plaintiff. Order modified by deleting therefrom the provision denying the defendants' motion to disqualify the law firm representing plaintiff and substituting therefor a provision granting said motion. As so modified, order affirmed, without costs or disbursements. The facts reveal that plaintiff's attorney has specific and personal knowledge of the circumstances surrounding the promissory note in question. Although we cast absolutely no aspersions upon him in this hotly contested case, it is undisputed that he was present at the negotiations for the note and is the subject of some of defendants' accusations concerning duress. Although plaintiff may not intend to call this attorney as a witness, defendants categorically state that they will do so. Even if defendants renege, however, it is difficult to see how plaintiff could avoid calling him in circumstances where an unfavorable inference might be drawn from his failure to appear (see *Noce v Kaufman,* 2 NY2d 347, 353). Accordingly, plaintiff's counsel's law firm must be disqualified from the case (see Code of Professional Responsibility, DR 5-102, subd [A]). Hopkins, J. P., Damiani, Lazer and Thompson, JJ., concur.