OPINION OF THE COURT
Edward H. Lehner, J.
The sole and novel legal issue presented on this motion to disqualify the law firm of Rosenberg & Estis from representing the petitioner relates to the nature of the information that movant must supply the court in order to prevail.
FACTS
This is a holdover proceeding based on a claim of nonprimary residence. Respondent, a member of the Bar, asserts that after receiving legal papers from petitioner seeking his eviction, he contacted several attorneys with respect to prospective representation, and that one of the lawyers called was Gary Rosenberg, with whom he had two telephone conversations. He claims that during the second call he gave Rosenberg important confidential information about his tenancy. *1020 However, on the hearing held in connection with this application, movant declined to state any information he relayed to the attorney, claiming that if he did so, it would give petitioner an unfair advantage. He stated that he decided not to retain the Rosenberg firm and hired his current attorneys a few days after his last conversation with Rosenberg. At that time petitioner was represented by other counsel, the firm of Rosenberg & Estis having been later substituted as attorneys for petitioner.
Mr. Rosenberg testified that he had no recollection of the telephone calls and doubted that they occurred because: (i) at the time his firm was not representing tenants; (ii) his firm was representing petitioner on other matters; and (iii) he was on vacation during a substantial portion of the period during which respondent stated the conversations occurred.
ANALYSIS
The court initially observes that, although not determinative of this application, since a landlord can obtain discovery in primary residence cases (Rubin v Klein, NYLJ, Apr. 2, 1985, p 4, col 2 [App Term, 1st Dept]; Century Apts. Assoc. v Merritt, NYLJ, June 25, 1985, p 6, col 1 [App Term, 1st Dept]), the unfair advantage which movant claims will inure to petitioner because of the use of confidential information appears especially difficult to demonstrate in this type of proceeding.
In Nichols v Village Voice (99 Misc 2d 822 [Sup Ct, NY County 1979]) the court, applying the test formulated by Judge Weinfeld in T.C. Theatre Corp. v Warner Bros. Pictures (113 F Supp 265 [SDNY 1953]) stated that (p 825): "the person seeking disqualification, 'need show no more than that the matters embraced within the pending suit wherein his former attorney appears on behalf of his adversary are substantially related to the matters or cause of action wherein the attorney previously represented him, the former client. The Court will assume that during the course of the former representation confidences were disclosed to the attorney bearing on the subject matter of the representation. It will not inquire into their nature and extent. Only in this manner can the lawyer’s duty of absolute fidelity be enforced and the spirit of the rule relating to privileged communications be maintained.’ ” (See also, Flushing Natl. Bank v Municipal Assistance Corp. for City of N. Y., 90 Misc 2d 204, 211 [Sup Ct, NY County 1977]; Matter of Hof, 102 AD2d 591, 594 [2d Dept 1984].)
*1021 The general principle disqualifying one’s former attorney from representing an adversary is not limited to situations where the prior representation was in a traditional attorney-client relationship. Although Code of Professional Responsibility Canon 4 declares that "[a] lawyer should preserve the confidences and secrets of a client”, EC 4-1 states that "[b]oth the fiduciary relationship existing between lawyer and client and the proper functioning of the legal system require the preservation by the lawyer of confidences and secrets of one who has employed or sought to employ him. ” (Emphasis supplied.)
It has been held that where one consulted an attorney with a view to employing him, communications in the course of such preliminary discussions are subject to the attorney-client privilege (Benge v Superior Ct., 131 Cal App 3d 336, 182 Cal Rptr 275, 280 [1982]; Taylor v Sheldon, 172 Ohio St 118, 173 NE2d 892, 895 [1961]; McCormick, Evidence § 88, at 208 [3d ed 1984]), for if the privilege depended on the chance of whether the attorney after hearing the statement of the facts decided to accept the employment or decline it, "no person could even safely consult an attorney for the first time”. (Estate of DuPont, 60 Cal App 2d 276, 289, 140 P2d 866, 873 [1943].)
Based on the same considerations, it has been stated that the disqualification of an attorney by reason of conflict of interest may occur in the absence of an actual attorney-client relationship where a "fiduciary relationship” arose in the course of such a preliminary consultation. (Westinghouse Elec. Corp. v Kerr-McGee Corp., 580 F2d 1311, 1319 [7th Cir 1978], cert denied 439 US 955 [1978]; Kearns v Lavery Porsche Audi Co., 745 F2d 600, 603 [Fed Cir 1984], cert denied — US —, 105 S Ct 967 [1985].)
In determining whether a sufficient fiduciary relationship exists for purposes of a conflict of interest disqualification motion, the Seventh Circuit in Westinghouse rejected the narrow objective test of the District Court, which had concluded that no attorney-client relationship existed in the absence of indicia of a contract of employment or evidence of an agency relationship, and took a more subjective approach. (See also, Hughes v Paine, Webber, Jackson & Curtis, 565 F Supp 663, 669 [ND Ill 1983]; Trinity Ambulance Serv. v G. & L. Ambulance Servs., 578 F Supp 1280, 1283 [D Conn 1984]; Developments in the Law, Conflicts of Interest in the Legal Profession, 94 Harv L Rev 1244, 1321-1323 [1981].) *1022 Under this approach the dispositive factor is whether the prospective client had a reasonable expectation of confidentiality at the time the disclosure was made.
The court’s research has not found any reported New York decisions disqualifying an attorney on the basis of a mere preliminary consultation. Although one New York case has recognized in dictum that an attorney-client relationship may be found, even where there is no traditional "client”, on the basis of an implied fiduciary obligation (Nichols v Village Voice, 99 Misc 2d 822, supra), a preliminary consultation was not the basis for the attempted disqualification in that case. (See also, Saftler v Government Employees Ins. Co., 95 AD2d 54, 62 [1st Dept 1983, Milonas, J., dissenting opn].)
In considering a motion for disqualification a court "must balance three competing interests: the plaintiff’s interest in freely selecting counsel of his choice, the defendant’s interest in having a trial free from risk of disclosure of confidential information and the public’s interest in the scrupulous administration of justice”. (Nichols v Village Voice, supra, at p 825 [citing Hull v Celanese Corp., 513 F2d 568 (2d Cir 1975)]; see also, Board of Educ. v Nyquist, 590 F2d 1241, 1246 [2d Cir 1979] ["the needs of efficient judicial administration”].)
It has been said by Justice Titone, speaking for the Second Department in Schmidt v Magnetic Head Corp. (97 AD2d 151, 163-164 [1983]), that "disqualification motions are often used for tactical purposes * * * and, in the absence of a demonstrated conflict of interest * * * a party’s selection of counsel should not lightly be interfered with”. It is evident that if a party’s chosen attorney were to be removed solely upon proof that the other party had a preliminary discussion with that attorney, without evidence as to the nature of the matters disclosed, disqualification would be easily obtainable.
A party seeking disqualification has the burden of establishing at the outset that an attorney-client relationship, or some other relationship giving use to an implied fiduciary obligation, arose. (Glover v Libman, 578 F Supp 748, 757 [ND Ga 1983]; see also, International Elec. Corp. v Flanzer, 527 F2d 1288, 1292 [2d Cir 1975]; American Can Co. v Citrus Feed Co., 436 F2d 1125, 1129 [5th Cir 1971]; In re Yarn Processing Patent Validity Litigation, 530 F2d 83, 90 [5th Cir 1976]; Fred Weber Inc. v Shell Oil Co., 566 F2d 602, 607-608 [8th Cir 1977].) Once such relationship is shown to exist, then, and only then, does the rule precluding disclosure of the alleged confidential communication come into play.
*1023 Here the court finds that movant called and spoke to Mr. Rosenberg. However, the court is unable to make any factual finding as to the matters discussed.
Questions asked on cross-examination with respect to the discussions were objected to by movant’s counsel, which objections were sustained. The court observed that if the information sought by petitioner’s counsel was later found to be relevant to the determination of the motion, movant by objecting risked preventing the court from obtaining evidence that could result in the granting of the motion. Nevertheless, movant’s counsel persisted in the objections, with the result that all that was learned about the discussions was that they were about the case and considered important and confidential by movant.
Although the court has accepted movant’s testimony that the conversations took place, it cannot grant the application based on what is, in essence, movant’s conclusion that the matters discussed were significant. Although the court agrees that movant need not have revealed the facts he transmitted to Rosenberg, in order for the court to determine whether a relationship developed that warrants disqualification, movant should at least have stated the nature of the information revealed. Thus, if movant testified that he told Rosenberg of other residences, where his tax returns were filed, where his automobile was registered, or other factors that go into the resolution of a primary residence controversy (without necessarily stating the specific facts revealed on the issue), a different result might ensue, as then movant might have established that the preliminary discussions were substantive and progressed to a point where it was reasonably considered by movant to be a representation. However, based on the record, the court finds that movant failed to establish that a relationship existed between him and Rosenberg that warrants disqualification on any ground.
Therefore, the motion is denied.