■ BELLE SOLOMON, Respondent, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Appellant.—In an action to recover damages for breach of an insurance contract, the defendant appeals from an order of the Supreme Court, Queens County (Lerner, J.), dated June 11, 1985, which granted the plaintiff's motion to disqualify counsel for the defendant.

Order affirmed, with costs.

Following a fire on her premises, the plaintiff was instructed by defense counsel to return completed proofs of loss directly to their office by regular mail within the 60-day statutory period. The plaintiff states that she did so and the defendant insurance company claims, as and for its first affirmative defense, that the proofs of loss were not timely received. A member of the law firm representing the defendant will be called to testify at trial concerning the timely rendering of the proofs of loss and evidence will be offered in opposition to that testimony. Under the circumstances, Trial Term properly granted the plaintiff's motion to disqualify defense counsel.

Whether counsel should be allowed to act as both attorney and witness is a matter addressed to the sound discretion of the court *(see, People v Bonilla,* 101 Misc 2d 146). When faced with a disqualification motion, the court's function is to take such action as is necessary to insure the proper representation of the parties and fairness in the conduct of the litigation *(see, Renault, Inc. v Auto Imports,* 19 AD2d 814). Moreover, the court may disqualify an attorney not only for acting improperly, but also to avoid the appearance of impropriety *(see,* Code of Professional Responsibility, Canon 9; *Cardinale v Golinello,* 43 NY2d 288).

In particular, Code of Professional Responsibility, DR 5-101, 5-102 were designed to prevent the appearance of impropriety. In the instant case, defense counsel's testimony is central to the defendant's first affirmative defense. Further, there is no basis for the defendant's claim that no other firm is qualified to represent it in this action *(see,* DR 5-101 [B] [2], [4]).

It is well settled that an attorney may not accept employment in contemplated or pending litigation if he knows or it is obvious, as is the situation here, that he or a member of his firm ought to be called as a witness, and if an attorney learns or it becomes obvious to him, after employment in litigation is

undertaken, that he or a member of his firm ought to be called as a witness on behalf of his client, the attorney must withdraw (see, DR 5-102; *People v Paperno*, 54 NY2d 294; *Grasso v General Motors Corp.*, 101 Misc 2d 140).

In a disqualification situation any doubt is to be resolved in favor of disqualification (see, *Hull v Celanese Corp.*, 513 F2d 568). Under the circumstances, the continued representation of the defendant by its present law firm would be violative of both the letter and the spirit of the Code of Professional Responsibility. Trial Term properly disqualified defense counsel and its order will not be disturbed. Gibbons, J. P., Bracken, Weinstein and Niehoff, JJ., concur.