■ JAMES E. LIGHTFOOT, Respondent, v MERLE J. LIGHTFOOT, Appellant.—In an action for a divorce and ancillary relief, the defendant wife appeals from (1) so much of an order of the Supreme Court, Westchester County (Martin, J.), entered January 23, 1984, as denied that branch of her motion which was to disqualify plaintiff's counsel, and (2) a judgment of divorce of the same court, entered July 19, 1984, in favor of the plaintiff husband and against her.

Justice Mangano has been substituted for the late Justice Gibbons *(see,* 22 NYCRR 670.2 [c]).

Ordered that the appeal from the order entered January 23, 1984, is dismissed, without costs or disbursements *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]), and it is further

Ordered that the judgment is affirmed, without costs or disbursements.

The plaintiff and the defendant were married February 28, 1983. The marriage was unsuccessful from the start, and within two weeks the defendant felt the need to consult with an attorney regarding her marital difficulties. On March 9, 1983, the defendant met Minna Edelman, a family law attorney, to receive general advice and counseling. However, because Ms. Edelman's husband was a business partner of the plaintiff and the defendant did not want Ms. Edelman to know her true identity, she gave Ms. Edelman an assumed name and disguised identifying information. The defendant did not formally retain Ms. Edelman after this single consultation.

In May 1983 the defendant filed a support petition in the Family Court, Queens County, and at the initial return date the matter was adjourned to allow the husband to retain an attorney.

On the adjourned return date, the husband appeared in the Family Court proceeding with Ms. Edelman. The defendant recognized her, approached her and informed her of her true

name. Ms. Edelman told the defendant she would check her records to determine if her prior interview with defendant posed any conflict. She indicated that a review of her records revealed no conflict, because all the information she had written was disguised and therefore irrelevant to the actual litigation between the Lightfoots.

Within one day after the defendant had informed Ms. Edelman of her true identity, Ms. Edelman advised her client, James Lightfoot, to move out of the marital residence and to commence the instant action for divorce. The defendant subsequently moved, *inter alia,* for an order disqualifying Ms. Edelman, which Special Term denied after hearing from all concerned.

The defendant claims that her prior meeting with Ms. Edelman may have had an effect on Ms. Edelman's subsequent advice to the plaintiff and conduct of the litigation. We disagree. There is nothing in the record to show that Ms. Edelman's conduct in the litigation was governed other than by objective professional judgment. To the contrary, Ms. Edelman's advice to initiate the instant action for divorce logically flowed from the clear evidence that the marriage had failed from the start. While the defendant claims she gave Ms. Edelman confidential information, Special Term credited Ms. Edelman's denial and the record supports this conclusion. Nor does the record provide the remotest indication that Ms. Edelman's representation of the plaintiff had any effect upon the plaintiff's eventually receiving a judgment of divorce, or upon the nature of any terms therein. In fact, the judgment indicates that it was ultimately granted after an inquest without the defendant's active opposition.

Granted, such a case illustrates the difficulties that can be created when there is the possibility of an appearance of impropriety (Code of Professional Responsibility, EC 9-1, 9-2; *Hull v Celanese Corp.,* 513 F2d 568, 571-572). However, it must be remembered that the predicament here was of the defendant's making and was thrust upon Ms. Edelman without the attorney's knowledge of the true situation. Furthermore, even if we were to conclude that Ms. Edelman should have been disqualified, this would not warrant reversal of the judgment of divorce entered over two years ago. The prejudice to both parties in reversing the judgment at this point far outweighs the remote potential of prejudice *(see, Lopez v Precision Papers,* 99 AD2d 507; *Board of Educ. v Nyquist,* 590 F2d 1241, 1247). Mangano, J. P., Weinstein, Lawrence and Eiber, JJ., concur.