■ JOSEPH A. SEELEY, Appellant, v FLORENCE SEELEY et al., Defendants, and ROBERT T. STREBEL et al., Respondents.—In an action, *inter alia,* to set aside a conveyance of real property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Lama, J.), dated June 14, 1986, which denied his motion to disqualify the law firm representing the defendants Robert T. and Alice Strebel.

Ordered that the order is reversed, on the law, with costs, the motion is granted, Edgar Hills and the firm of Cruser, Hills, Hills & Besunder is disqualified from representing the respondents and no further proceedings shall be taken against those respondents, without leave of the court, until the expiration of 30 days after service upon them personally of a copy of this decision and order, which shall constitute notice to appoint another attorney under CPLR 321 (c).

The plaintiff Joseph Seeley, individually and as administrator of the estate of his mother Angelina Seeley, commenced the instant action seeking to set aside, as fraudulent, the conveyance of certain real property located in Westhampton Beach, New York. According to the plaintiff, when his mother Angelina died intestate in 1951, the aforementioned property passed by operation of law to him and his four siblings as Angelina's sole distributees. Thereafter, the five Seeley's jointly contributed to the maintenance of the property "for the next 30 years". In 1954, Robert C. Seeley, one of the siblings to whom the property passed, apparently made certain tax payments and received a tax deed from the Treasurer of the County of Suffolk. Although Robert held the deed, it is the plaintiff's contention that during his lifetime Robert was merely holding title as "Trustee" and "nominee" for the benefit of himself and the other then living distributees. In November of 1978 Robert died and left the bulk of his testamentary estate, including the tax deed, to his widow and executrix the defendant Florence L. Seeley. According to the plaintiff, Florence, as "successor in interest" to the estate of Robert C. Seeley thereupon "assumed the obligation of being nominee for the benefit of the five living Seeleys". In 1985, however, Florence conveyed the property to the defendants Robert and Alice Strebel "for her own benefit", allegedly in violation of her fiduciary duty to the Seeley's. The plaintiff thereafter commenced the instant action seeking to set aside the conveyance as fraudulent.

Shortly after issue was joined, the plaintiff moved for an order disqualifying attorney Edgar Hills and his law firm Cruser, Hills, Hills & Besunder, as counsel to the defendants Strebel. Hills had been selected by the Strebels' title insurance company to defend against the Seeley lawsuit. The plaintiff's disqualification motion had its genesis in two conferences held between Edgar Hills and the plaintiff in 1983 and 1984. According to plaintiff, in June of 1983 he visited Edgar Hills' office seeking advice with respect to the possible commencement of a partition action concerning the real property which is the subject of this suit. More specifically, the plaintiff contends that he spoke to Edgar Hills for approximately 90 minutes during which he revealed "in intimate detail the ownership interests of the respective parties", secrets "relating to Robert C. Seeley's interest" in the property and "confidential information concerning * * * direct evidence relating to this instant action". Subsequently, in September 1984 the plaintiff returned to Edgar Hills' office and once again sought advice with respect to the commencement of a partition action, discussing "with greater emphasis all the facts and circumstances surrounding this action as well as other facts and sources of evidence, which directly bear on the case at bar". Despite these two conferences with Edgar Hills, the plaintiff ultimately chose not to retain him and never commenced the proposed partition action. In his affidavit opposing the plaintiff's application, Edgar Hills conceded that the two conferences occurred, but essentially denied any recollection that confidential secrets had been revealed to him.

After concluding that the plaintiff had failed to establish that anything of substance had been discussed at the conferences, Special Term denied the plaintiff's application, observing, *inter alia,* that the meetings had not "progressed to a point where it was reasonably considered by movant to be a representation". The plaintiff now appeals. We reverse.

In *Matter of Hof* (102 AD2d 591, 596) this court stated, "[i]t is an undeniable maxim of the legal profession that an attorney must avoid even the appearance of impropriety". Moreover, it is well settled that doubts as to the existence of a conflict of interest must be resolved in favor of disqualification *(see, Death v Salem,* 111 AD2d 778, 781; *Narel Apparel v American Utex Intl.,* 92 AD2d 913, 914). As the Court of Appeals has observed, "with rare and conditional exceptions, the lawyer may not place himself in a position where a conflicting interest may, even inadvertently, affect, or give the appearance of affecting, the obligations of the professional

relationship" *(Matter of Kelly,* 23 NY2d 368, 376; *see also, Schmidt v Magnetic Head Corp.,* 101 AD2d 268). The "fiduciary relationship existing between lawyer and client extends to preliminary consultation by a prospective client with a view toward retention of the lawyer, although actual employment does not result" *(Westinghouse Elec. Corp. v Kerr-McGee Corp.,* 580 F2d 1311, 1319, *cert denied* 439 US 955; *see also, Lavery Porsche Audi Co. v Kearns,* 745 F2d 600, 601, *cert denied* 469 US 1192; Code of Professional Responsibility EC 4-1; McCormick, Evidence § 88, at 208 [3d ed 1984]; *cf., New York Univ. v Simon,* 130 Misc 2d 1019; *Nichols v Village Voice,* 99 Misc 2d 822, 824).

At bar, the record supports the plaintiff's contention that the disclosures made during the conferences with Edgar Hills embraced substantive issues related to the proposed partition action and, further, that the disclosures were made in confidence in order to facilitate the provision of legal services by him. Significantly, the plaintiff has recounted in his affirmation that in his two conferences with Edgar Hills he discussed in "intimate detail" the nature of Robert Seeley's ownership interest in the land and revealed confidential secrets concerning his relationship with his brothers and sisters concerning the property. Although no formal attorney-client relationship resulted, the foregoing facts establish that a fiduciary obligation nevertheless arose with respect to the matters discussed at the conferences. Moreover, we conclude that the disclosures made during the meetings bore a substantial relation to the issues presented at bar. Both matters involve the same parcel of real property and both involve, at their core, the nature of the unrecorded ownership interest allegedly possessed by the Seeley's. In light of the foregoing similarity of issues and considering the settled principle that doubts as to the existence of a conflict of interest must be resolved in favor of disqualification so as to avoid even the appearance of impropriety, we conclude that the prudent action under the circumstances is to disqualify Edgar Hills and his law firm from further participation in the litigation. Mangano, J. P., Rubin, Kooper and Harwood, JJ., concur.