■ RICHARD SIRIANNI, Respondent, v JOSEPH TOMLINSON et al., Appellants.—In an action, *inter alia,* for an accounting of corporate assets, the defendants appeal from an order of the Supreme Court, Kings County (Douglass, J.), dated March 15, 1985, which, upon renewal and reargument of a decision of the same court, dated July 25, 1984, and after a hearing, denied their motion to disqualify the plaintiff's counsel.

Ordered that the order is reversed, on the law and the facts, and the defendants' motion to disqualify the plaintiff's counsel, Glabman, Rubenstein & Reingold, is granted.

The plaintiff, Richard Sirianni, commenced this action alleging that he and the defendant Joseph Tomlinson were the sole shareholders of the defendants Well-Done Refrigeration, Inc., and L. I. E. Realty Corp., and that Tomlinson had assumed control of the corporations, diverted income therefrom, and transferred corporate property for his own personal benefit.

The defendants sought disqualification of the plaintiff's counsel, contending that a conflict of interest existed because about six months prior to the commencement of the action Reingold represented the defendant Tomlinson's wife, Therese, in a matrimonial action against Tomlinson. The matrimonial action was thereafter discontinued and the parties have since reconciled.

Therese Tomlinson testified at the hearing that she had consulted Reingold on three occasions in connection with the matrimonial action and had spoken with him concerning her husband's business and financial affairs. Reingold, however, denied that he had received any information about the defendant Tomlinson from Therese during this prior representation. The court, after the hearing, denied the motion for disqualification, citing the defendants' dilatory tactics in the

defense of this action and concluding that the motion had been brought solely for tactical advantage.

It is fundamental that an attorney must not accept employment relating to matters which adversely affect a former client when he has represented that client in a matter related to the subject matter of the second representation *(see, Cardinale v Golinello,* 43 NY2d 288; Code of Professional Responsibility DR 4-101; EC 4-1). "The standards of the profession exist for the protection and assurance of the clients and are demanding; an attorney must avoid not only the fact, but even the appearance of representing conflicting interests" *(Cardinale v Golinello, supra,* at 296; *see also, Matter of Hof,* 102 AD2d 591; *Seeley v Seeley,* 129 AD2d 625). Moreover, it is well settled that where there exists the possibility of a conflict of interest, it must be resolved in favor of disqualification *(see, Matter of Hof, supra; Seeley v Seeley, supra).*

We conclude that the court erred in finding that the motion was made merely for tactical purposes *(cf., Lopez v Precision Papers,* 99 AD2d 507). Rather, the record supports the defendants' contention that there is a reasonable possibility that confidences were exchanged during the plaintiff's counsel's prior representation of Therese Tomlinson which related to the defendant Joseph Tomlinson's financial position and economic affairs and which information could be utilized in this action by Reingold for the benefit of his client. We are of a view that for purposes of the issue of disqualification, the interests of Therese Tomlinson and the defendant Joseph Tomlinson are one and the same. Since there exists, if not an actual conflict of interest, at least the appearance of impropriety, the firm of Glabman, Rubenstein & Reingold should be disqualified *(see, e.g., Flaum v Birnbaum,* 107 AD2d 1087; *SMI Indus. Can. v Caelter Indus.,* 586 F Supp 808). Mollen, P. J., Thompson, Bracken and Brown, JJ., concur.