■ BEVERLY BURTON, Appellant, v ARNOLD BURTON, Respondent.—In an action for a divorce and ancillary relief, the plaintiff wife appeals from an order of the Supreme Court, Suffolk County (Abrams, J.), dated June 24, 1987, which granted the defendant's motion for an order disqualifying the law firm of Marchese & Sallah, P. C., as attorneys for the plaintiff.

Ordered that the order is affirmed, with costs.

It is not disputed that no more than six months before commencement of this action, the defendant husband, on one occasion, consulted Donald Sallah of Marchese & Sallah, P. C. in contemplation of matrimonial litigation. It is also undisputed that the defendant and Mr. Sallah discussed the financial status of each of the parties. There is, however, a factual dispute as to whether they discussed the grounds for divorce. Shortly after the plaintiff commenced this action, Marchese & Sallah, P. C. was substituted as her counsel. The defendant promptly made application for its disqualification, which application the Supreme Court, Suffolk County, correctly granted.

Contrary to the assertion of the plaintiff on appeal, no evidentiary hearing was required to determine if a conflict of interest actually existed *(cf., Poli v Gara,* 117 AD2d 786). It is clear that disqualification is necessary to avoid the appearance of impropriety (Code of Professional Responsibility Canon 9). The plaintiff's assertion that where the grounds for divorce are not discussed no confidences are imparted, is without merit *(cf., Grover v Virdi,* 130 AD2d 710; *Mondello v Mondello,* 118 AD2d 549). From the undisputed facts it is reasonable to infer that, during the interview with the defendant, Mr. Sallah obtained confidential or strategically valuable information about the parties' respective financial conditions *(cf., Mondello v Mondello, supra; see, Matter of Hof,* 102 AD2d 591; *Colonie Hill v Duffy,* 86 AD2d 645), and it makes no difference that the defendant did not formally retain him *(see, Seeley v Seeley,* 129 AD2d 625; Code of Professional Responsibility Canon 4; EC 4-1). Finally, there is no indication that the

motion to disqualify was made for mere tactical reasons or that the defendant deliberately brought about the present predicament *(see, Poli v Gara, supra; cf., Lightfoot v Lightfoot,* 123 AD2d 746). Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.