■ EDWARD R. HEELAN et al., Appellants, v HOWARD LOCKWOOD et al., Defendants, and DONALD RUSSELL et al., Respondents.—In an action, *inter alia,* to recover real estate commissions, and foreclosure of a mechanic's lien and money damages, the plaintiffs appeal from an order of the Supreme Court, Putnam County (Dickinson, J.), dated November 16, 1987, which denied their motion for the disqualification of George J. Swander and George J. Swander, P. C., as counsel for the defendants Donald Russell and D. William Russell Enterprises, Ltd.

Ordered that the order is reversed, on the law, with costs, the motion is granted, George J. Swander and the firm of

George J. Swander, P. C., is disqualified from representing the respondents and no further proceedings shall be taken against the respondents, without leave of the court, until the expiration of 30 days after service upon them personally of a copy of this decision and order with notice of entry, which shall constitute notice to appoint another attorney under CPLR 321 (c).

The plaintiff Edward R. Heelan and the respondents entered into an agreement in March 1986 under which certain real property was to be acquired and developed for residential purposes. Pursuant to the agreement, Heelan was to assume the role of project manager and, through a company which he owned, perform construction services for the project. Some time after the agreement was executed, however, the parties became involved in a dispute and in December 1986 the defendants discharged him. Heelan and the respondents commenced settlement discussions with regard to certain of the claims made by him after his discharge.

During these negotiations, Heelan—who was not then represented by counsel—engaged in a number of conversations regarding the case with attorney George J. Swander, who had been retained as a project consultant by the defendants in late summer 1986. According to Heelan, during these prelitigation settlement discussions, Swander held himself out as neutral mediator to all the parties, in reliance upon which the plaintiff claims he disclosed certain confidences regarding the case. Although Swander denied that he had acted as a mediator and noted that Heelan himself had initiated all of their conversations, Swander did not deny that he did, in fact, participate in personal discussions with Heelan concerning the case. Moreover, in a letter to Heelan dated February 18, 1987, which contained the terms of a proposed settlement, Swander informed Heelan that, "[p]ursuant to our telephone conference, let me state that I am involved in this matter only for settlement purposes and will not be involved if this matter should proceed to litigation". In concluding his letter, Swander further represented that, "[i]f this matter can be resolved amicably, please let me know; if not, then I would summize [sic] that each party will then proceed to retain their respective attorneys".

Shortly thereafter, however, when settlement discussions proved futile and litigation commenced, Swander accepted employment as trial counsel for the defendants D. William Russell Enterprises, Ltd. and Donald Russell. The plaintiffs thereupon sought to disqualify Swander, alleging that Hee-

lan's reliance upon Swander's status as a mediator had induced him to disclose confidential information. The plaintiffs also pointed to Swander's February 18, 1987, letter in further support of their application. In opposition, Swander replied that (1) no confidences were disclosed, (2) Heelan initiated the discussions, and (3) the February 18, 1987, letter did not indicate that he had assumed the role of mediator. The Supreme Court—while observing that repeated discussions between Heelan and Swander had occurred—declined to disqualify Swander primarily because Heelan had failed to specify the nature of the confidences disclosed. We reverse.

As this court has observed, "[i]t is an undeniable maxim of the legal profession that an attorney must avoid even the appearance of impropriety" *(Matter of Hof,* 102 AD2d 591, 596; *see also, Bridges v Alcan Constr. Corp.,* 134 AD2d 316; *Sirianni v Tomlinson,* 133 AD2d 391; *Seeley v Seeley,* 129 AD2d 625, 626; *Solomon v New York Prop. Ins. Underwriting Assn.,* 118 AD2d 695). Moreover, doubts as to the existence of a conflict of interest must be resolved in favor of disqualification *(see, Seeley v Seeley, supra; Death v Salem,* 111 AD2d 778, 781). Indeed, "where a conflicting interest may, even inadvertently, affect, or give the appearance of affecting, the obligations of the professional relationship" *(Matter of Kelly,* 23 NY2d 368, 376), the courts have been scrupulous in resolving all doubts in favor of disqualification *(see, Bridges v Alcan Constr. Corp., supra; Burton v Burton,* 139 AD2d 554; *Seeley v Seeley, supra).*

When viewed within the context of the foregoing criteria, the Supreme Court erred in declining to disqualify Swander. It is undisputed that Swander, as the Supreme Court found, not only discussed the case personally with Heelan on numerous occasions—albeit at Heelan's behest—but also represented to him by letter that he would be involved in the case for "settlement purposes" only. Such a representation could well have induced Heelan, then unrepresented by counsel, to include in his discussions with Swander matters which he would not have revealed had he known Swander would subsequently accept employment with the respondents as trial counsel in this very matter. Moreover, the letter itself, in which the terms of the proposed settlement are recounted, is phrased in what appears to be a neutral and objective tone, lending credence to the plaintiffs' claim that Swander had indeed assumed a nonpartisan mediator's role. Since counsel admittedly participated in numerous conversations with Heelan and represented that his involvement would be limited to settle-

ment negotiations, his subsequent acceptance of employment with the respondents after the commencement of litigation creates, under these circumstances, an appearance of impropriety which necessitates his withdrawal from the case. Mollen, P. J., Brown, Rubin and Kooper, JJ., concur.