■ ISRAEL HOROWITZ, Appellant, v HYMAN HOROWITZ, Respondent.—In an action to recover damages for breach of contract, the plaintiff Israel Horowitz appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Lama, J.), dated February 5, 1988, as denied his cross motion to disqualify the defendant's counsel and his law firm, and which directed that the plaintiff pay for the transcript of his own deposition.

Ordered that the order is modified, by deleting the provision thereof which denied the cross motion, and substituting therefor a provision granting the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff, and no further proceedings shall be taken against the respondent, without leave of the court, until the expiration of 30 days after service upon him personally of a copy of this decision and order, which shall constitute notice to appoint another attorney under CPLR 321 (c).

It is fundamental that an attorney must not accept employment relating to matters which adversely affect a former client when he has represented that client in a matter related to the subject matter of the second representation or there is a reasonable probability that confidential information will be disclosed *(see, Cardinale v Golinello,* 43 NY2d 288; *Sirianni v Tomlinson,* 133 AD2d 391; Code of Professional Responsibility DR 4-101; EC 4-1). It is well settled that "an attorney must avoid not only the fact, but even the appearance, of representing conflicting interests" *(see, Cardinale v Golinello, supra,* at 296; *see also, Matter of Hof,* 102 AD2d 591; *Seeley v Seeley,* 129 AD2d 625).

In the instant case, the defendant's counsel alleged that he had never represented the plaintiff's interests with respect to either the negotiated agreement between the parties or the business dealings of their corporation. However, an affirmation by a former law partner in the law firm representing the defendant indicated that the firm did, in fact, have a prior attorney-client relationship with the plaintiff, the defendant, and the corporation which is the subject matter of this litigation. Indeed, it appears that the defendant's counsel had represented the interests of the closely held corporation of which the parties are the only shareholders for a period in excess of 10 years. We conclude that the defendant's counsel and his law firm should be disqualified.

A review of the record shows that to permit counsel and his law firm to continue to represent the defendant would violate the provisions of the Code of Professional Responsibility (DR 4-101; EC 4-1) which prohibit an attorney from representing, or even appearing to represent, conflicting interests *(see, Cardinale v Golinello, supra; Sirianni v Tomlinson, supra; Matter of Hof, supra; Seeley v Seeley, supra)*. Given the long-standing representation of the subject corporation by the defendant's counsel, there is a possibility of prejudice to the plaintiff which must be avoided.

We find that the imposition upon the plaintiff of the cost of the transcript of his examination before trial was a proper exercise of the court's discretion based upon the plaintiff's unexplained failure to provide a reasonable excuse for his failure to appear at a previously scheduled examination before trial *(see,* CPLR 3126). Mollen, P. J., Mangano, Kunzeman and Balletta, JJ., concur.