■ ROSE OCKO FOUNDATION, INC., Appellant, v YECHIEL LIEBOVITZ, Respondent, et al., Defendants.—In a consolidated action, *inter alia,* to set aside a conveyance of real property and to recover damages for breach of a fiduciary duty, the plaintiff appeals from so much of an order of the Supreme Court, Rockland County (Weiner, J.), dated April 12, 1988, as denied that branch of its motion which was to disqualify the law firm representing the defendant Yechiel Liebovitz.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was to disqualify the law firm of Granik, Silverman, Sandberg, Campbell, Nowicki & Resnik is granted, that firm is disqualified from representing the defendant Yechiel Liebovitz and no further proceedings shall be taken against that defendant, without leave of the Supreme Court, until the expiration of 30 days after service upon him personally of a copy of this decision and order, which shall constitute notice to appoint another attorney under CPLR 321 (c).

Prior to the commencement of this action, an attorney from the law firm of Graubard Mollen Dannett & Horowitz (hereinafter Graubard Mollen), counsel to the plaintiff, telephoned the law firm then known as Granik, Silverman, Sandberg, Campbell & Nowicki (hereinafter Granik Silverman) to discuss the retention of Granik Silverman as local counsel for the plaintiff. Granik Silverman was never retained by the plaintiff and ultimately was retained by Yechiel Liebovitz, a defendant herein. The exact content of the conversation is disputed. After commencing an action to set aside a conveyance of real property and an action to recover damages for breach of a fiduciary duty, which were later consolidated, the plaintiff moved to disqualify Granik Silverman on the ground that the earlier discussion included litigation strategy and other confidential matters, including the plaintiff's amenability to a settlement for a specific dollar amount. In Leibovitz's opposing papers, his counsel contended that the earlier conversation only related to the second action to recover damages for breach of a fiduciary duty against another defendant, Sidney Schwartz, and that no litigation strategy was discussed. Leibovitz's counsel also asserted that Leibovitz refused to consent to the substitution of other counsel, although it had been discussed with him.

It is axiomatic that an attorney must avoid even the appearance of a conflict of interest (*Bridges v Alcan Constr. Corp.*, 134 AD2d 316; *Seeley v Seeley*, 129 AD2d 625; *Matter of Hof*, 102 AD2d 591, 596). The lawyer may not place himself in a position where a conflicting interest may, even inadvertently, affect, or give the appearance of affecting, the obligations of the professional relationship (*Matter of Kelly*, 23 NY2d 368, 376; *Seeley v Seeley, supra*). It is also well established that the fiduciary relationship existing between lawyer and client extends to a preliminary consultation by a prospective client with a view toward retention of the lawyer, even where actual employment does not arise (*Seeley v Seeley, supra*, at 627;

*Burton v Burton,* 139 AD2d 554; Code of Professional Respon-sibility EC 4-1). When faced with a disqualification motion, "the court's function is to take such action as is necessary to insure the proper representation of the parties and fairness in the conduct of the litigation" *(Solomon v New York Prop. Ins. Underwriting Assn.,* 118 AD2d 695). Moreover, it is well settled that doubts as to the existence of a conflict of interest must be resolved in favor of disqualification *(Seeley v Seeley, supra; see also, Death v Salem,* 111 AD2d 778, 781).

It was not necessary for the plaintiff, in support of its motion to disqualify, to disclose the information provided to Liebovitz's counsel with specificity. Such a requirement would breach the very confidence sought to be protected *(see, Nichols v Village Voice,* 99 Misc 2d 822, 826; *New York Univ. v Simon,* 130 Misc 2d 1019, 1023). Although the parties dispute what was actually disclosed, as stated above, any doubt must be resolved in favor of disqualification *(Seeley v Seeley, supra).* Thus, because the plaintiff has alleged the disclosure of the type of information that could, even inadvertently, provide a strategic advantage to Leibovitz, disqualification is necessary to avoid the appearance of impropriety *(Seeley v Seeley, supra; Burton v Burton, supra).* Lawrence, J. P., Kunzeman, Eiber and Kooper, JJ., concur.