■ STATEN ISLAND HOSPITAL, Respondent, v ALLIANCE BRO-KERAGE CORP. et al., Appellants, et al., Defendants. ABRAMS & MARTIN, P. C., Nonparty Appellant.—In an action for a judg-ment declaring that the defendants had breached certain contractual obligations, (1) the defendants Alliance Brokerage Corp. and Atlantic Excess & Surplus, Inc. and the defendant Bain Clarkson Limited separately appeal, as limited by their briefs, from so much of an order of the Supreme Court, Nassau County (Levitt, J.), dated April 25, 1989, as denied their respective motions to dismiss the complaint insofar as it is asserted against them, (2) the defendant Bain Clarkson Limited appeals from an order of the same court, dated July 28, 1989, which denied its motion to renew its motion to dismiss, and (3) the defendants Alliance Brokerage Corp. and Atlantic Excess & Surplus, Inc. and their attorneys, Abrams & Martin, P. C. appeal, as limited by their brief, from so much of an order of the same court, dated March 20, 1990, as granted that branch of the plaintiff's motion which was to disqualify Abrams & Martin, P. C. from representing any of the defendants in this action.

Ordered that the order dated April 25, 1989, is reversed insofar as appealed from, and the matter is remitted to the Supreme Court, Nassau County, for a hearing pursuant to CPLR 1001 (b) to determine if the action may continue in the absence of necessary parties who have not been joined in this action and for a hearing and discovery on that branch of the motion by the defendant Bain Clarkson Limited which was to dismiss the complaint insofar as it is asserted against it for lack of personal jurisdiction; and it is further,

Ordered that the appeal from the order dated July 28, 1989, is dismissed as academic, in light of our determination on the appeal from the order dated April 25, 1989; and it is further,

Ordered that the order dated March 20, 1990, is affirmed insofar as appealed from; and it is further,

Ordered that no further proceedings shall be taken against the defendants Alliance Brokerage Corp. and Atlantic Excess & Surplus, Inc. without leave of the court, until the expiration of 30 days after service upon them personally of a copy of this decision and order with notice of entry, which shall constitute notice to appoint another attorney under CPLR 321 (c); and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff Staten Island Hospital (hereinafter SIH) com-menced this action against its insurance brokers and various

insurance companies, alleging that the defendants had failed to provide the professional liability insurance for which it had contracted. The subject insurance policy was issued by Beacon Insurance Company (hereinafter Beacon) in 1981, and one of the underlying disputes in this action concerns a provision whereby certain reinsurers allegedly agreed to obligate themselves directly to SIH in the event that Beacon failed to pay claims under the policy. Prior to the instant action, SIH had commenced a lawsuit against three of the appellants in this action, Alliance Brokerage Corp., Atlantic Excess & Surplus, Inc. and Bain Clarkson Limited, concerning the same subject matter. That action was dismissed as premature because SIH had not submitted the disputed claims to Beacon (see, *Staten Is. Hosp. v Alliance Brokerage Corp.*, 137 AD2d 674). This court held that Beacon and its reinsurers were necessary parties to the action. In response to SIH's concern with respect to the Statute of Limitations, this court's decision noted that, pursuant to CPLR 205, SIH could commence a new action within six months of the dismissal.

SIH commenced the instant action in July 1988 within the six-month period, naming as defendants the appellants, Beacon and Beacon's reinsurers under the subject policy. The appellants separately moved to dismiss the complaint on the ground that Beacon and one of its insurers, Cherokee Insurance Company (hereinafter Cherokee), had not been properly joined as parties to the action. According to SIH, Cherokee and Beacon had been placed in rehabilitation by courts in Tennessee and North Carolina, respectively, due to insufficient assets, and it was necessary to obtain permission from those courts to join Cherokee and Beacon in the instant action. The Tennessee court had given such permission in December 1988 but SIH's motion was still pending before the North Carolina court.

Contrary to the appellants' contentions, our decision on the prior appeal did not impose a six-month time limit for joinder of all necessary parties in the instant action. While a necessary party who is subject to personal jurisdiction in New York must be joined, if a necessary party is not subject to personal jurisdiction, the court may allow the action to proceed in the interest of justice upon consideration of certain factors in CPLR 1001 (b). Courts have wide discretion with respect to the joinder of parties (see, *Miller v John A. Keeffe, P. C.*, 164 AD2d 933; *Solomon v Solomon*, 136 AD2d 697). Although we determined on the prior appeal that Beacon and the reinsurers were necessary parties, we did not reach the issue of

whether they were indispensable parties whose absence would require dismissal of the complaint. At the time of the prior appeal, SIH had not offered evidence as to whether Beacon and all of the reinsurers were subject to personal jurisdiction in New York. Therefore, in the instant case, the Supreme Court properly determined that dismissal of the complaint in the instant action was not mandated for failure to join Beacon and Cherokee within six months of the prior dismissal.

Nevertheless, the Supreme Court should have determined whether the action could proceed in the absence of these parties based on the factors in CPLR 1001 (b). In the event that Cherokee and Beacon were deemed to be indispensable parties, the court could have conditionally dismissed the complaint if they were not properly joined within a reasonable time. We therefore remit the matter to the Supreme Court, Nassau County, for such a determination.

The defendant Bain Clarkson Limited, which is based in the United Kingdom, moved to dismiss the complaint on the additional ground that it was not subject to New York's long-arm jurisdiction. We find that SIH established that sufficient facts may exist to confer jurisdiction under CPLR 302 (a) (1). Under the circumstances of this case, and owing to the lengthy delay in the proceedings, we find that it would be appropriate to remit the matter for a hearing and discovery on the motion pursuant to CPLR 3211 (d) *(see, Peterson v Spartan Indus.,* 33 NY2d 463). Proof of one transaction in New York is sufficient to confer jurisdiction as long as the activities of the defendant in question were purposeful and there is a substantial relationship between the transaction and the claim asserted *(see, Kreutter v McFadden Oil Corp.,* 71 NY2d 460; *Town of Hempstead v Certain Underwriters,* 148 AD2d 527; *Rung v United States Fid. & Guar. Co.,* 139 AD2d 914). We need not at this time determine whether sufficient facts may exist to confer jurisdiction over this defendant under other statutory provisions.

We decline to disturb the court's disqualification of the law firm of Abrams & Martin, P. C. on the ground that its disqualification was necessary in order to avoid the appearance of impropriety *(see, Burton v Burton,* 139 AD2d 554; Code of Professional Responsibility Canon 9). Any doubts as to the existence of a conflict of interest should be resolved in favor of disqualification *(see, Heelan v Lockwood,* 143 AD2d 881). It was undisputed that Abrams & Martin, P. C. represented SIH for about six weeks with respect to the subject matter of this lawsuit and subsequently represented the defendants Alliance

Brokerage Corp. and Atlantic Excess and Surplus, Inc. in this action. SIH is entitled to be free of any apprehension that its interest would be prejudiced as a consequence of this prior representation (see, Cardinale v Golinello, 43 NY2d 288; Code of Professional Responsibility Canon 4). Sullivan, J. P., Miller, O'Brien and Ritter, JJ., concur.