■ BERNARD V. STRIANESE, Doing Business as ROBERTS REALTY, Respondent, v AMALGAMATED CORDAGE CORP. et al., Defendants, and TRI-HARBOR DEVELOPMENT CORPORATION, Appellant. [607 NYS2d 834] —Order unanimously reversed on the law without costs and motion granted. Memorandum: Supreme Court erred in denying the motion of defendant Tri-Harbor Development Corporation for an order disqualifying plaintiff's counsel. An attorney may not accept employment relating to matters that adversely affect a former client if he previously represented that client in a matter related to the subject of the new employment (Sirianni v Tomlinson, 133 AD2d 391, 392, appeal dismissed 74 NY2d 792; see also, Code of Professional Responsibility DR 4-101 [22 NYCRR 1200.19]; EC 4-1). "[I]n order to disqualify a party's attorney, there need not be direct evidence of breach of a confidential relationship" (Nemet v Nemet, 112 AD2d 359, 360, lv dismissed 66 NY2d 602); rather, "it is incumbent upon the attorney to avoid even

the appearance of professional impropriety" *(Matter of Fleet v Pulsar Constr. Corp.,* 143 AD2d 187, 189; *see also,* Code of Professional Responsibility Canon 2).

Defendant Tri-Harbor was the owner of certain property in Port Washington and was represented by the law firm of plaintiff's counsel in an application for subdivision of that property. Tri-Harbor, among others, is now being sued by plaintiff, who alleges that damage was caused to his property because of Tri-Harbor's failure to grade and drain the land appropriately. During pretrial depositions, plaintiff's counsel questioned defense witnesses regarding certain plans relevant to drainage on the land, which had been prepared in connection with the subdivision application on which his firm had represented Tri-Harbor. Under those circumstances, there is the appearance of impropriety, if not an actual conflict *(see, Sirianni v Tomlinson, supra,* at 392). (Appeal from Order of Supreme Court, Nassau County, Morrison, J.—Disqualify Counsel.) Present—Denman, P. J., Green, Balio, Fallon and Davis, JJ.