Frank **GALERIE** and Patricia
Galerie, Plaintiffs,

v.

**M & T BANK CORPORATION, Chris
Dipietro, Individually and Donna
Nowak, Individually, Defendants.**

No. 98–CV–1146.

United States District Court,
N.D. New York.

Dec. 14, 1998.

Office of Andrew F. Capoccia, Albany, NY
(Andrew F. Capoccia, of counsel), for Plaintiffs.

Couch, White Law Firm, Albany, NY (Paul
A. Feigenbaum, of counsel), for Defendants.

## MEMORANDUM—DECISION & ORDER

MCAVOY, Chief Judge.

Presently before the Court is Defendants
M & T Bank Corporation, Christopher DiPietro, and Donna Nowak's (collectively referred to as "Defendants") motion to disqualify the Law Offices of Andrew F. Capoccia,
LLC from representing the plaintiffs in this
action on the ground that Andrew Capoccia
("Capoccia") is a necessary witness for plaintiff's claim of intentional or tortious interference with contractual relations. Plaintiffs
failed to timely file papers in opposition to
Defendants' motion.

## I. BACKGROUND

Defendant M & T Bank, N.A.[1] ("M & T")
issued a line of credit to Plaintiffs Frank and

---

**1.** According to Defendants, plaintiffs improperly    sued M & T Bank, National Association, as M &

Patricia Galerie ("Plaintiffs") on which Plaintiffs allegedly defaulted. M & T then attempted to collect the debt. In October 1997, M & T was advised that Plaintiffs were represented by Capoccia, that Plaintiffs were not to be contacted at home or their place of employment, and that all further communications were to be directed to Capoccia.

According to Defendants, they had an initial contact with Capoccia in October 1997 wherein Capoccia stated that Plaintiffs were filing for bankruptcy. Thereafter, Defendants unsuccessfully attempted to contact Capoccia on numerous occasions in an effort to collect the debt. Because Capoccia refused to return Defendants' phone calls[2], Defendants contacted Plaintiffs directly. Plaintiffs refused to speak with Defendants and referred them to Capoccia.

Plaintiffs, through Capoccia, commenced a lawsuit in state court asserting Causes of Action for a violation of the Fair Debt Collection Practices Act (First Cause of Action); Harassment (Second Cause of Action); the Intentional Infliction of Emotional Distress (Third Cause of Action); Intentional Interference with a Contractual Relationship (Fourth Cause of Action); and a violation of the Federal Truth in Lending Act (Fifth Cause of Action). Defendants removed the action to this Court based upon federal question jurisdiction, 28 U.S.C. § 1331, and pendent jurisdiction over the state law claims. 28 U.S.C. § 1441(c). Defendants now move to disqualify the Capoccia firm on the ground that Capoccia is a necessary witness.

## II. DISCUSSION

Defendants move to disqualify Capoccia because, they argue, he is a necessary witness in connection with the intentional interference with contract claim. Plaintiff's Fourth Cause of Action alleges that they entered into a contractual agreement with Capoccia "whereby it was agreed that ... Capoccia [ ] would represent Plaintiffs with regard to outstanding creditor actions, claims, proceedings, demands and obligations

in consideration of a fee." Compl., ¶ 47. The Complaint alleges that Defendants knew of the existence of this contractual relationship and that their "intentional and improper interference with Plaintiffs' contractual relationship with [Capoccia] has caused Plaintiffs' attorney's performance to be more expensive and burdensome, resulting in pecuniary loss to Plaintiffs." *Id.*, ¶ 54. According to Plaintiffs, "Defendants' refusal to cease and desist from contacting Plaintiff ... left no alternative but to assert the instant cause of action, resulting in substantial time and financial expense incurred in investigating, researching, and litigating this matter." *Id.*

Defendants assert that Capoccia is a necessary witness for purposes of determining the nature and extent of the contractual relationship and ascertaining whether Capoccia's performance has become more expensive and burdensome. Defendants further claim that Capoccia is a necessary witness to establish the damages claimed by Plaintiffs. Lastly, Defendants claim that they will assert a defense of justification and, therefore, it will be necessary to question Capoccia as to why he failed to return Defendants' telephone calls.

Pursuant to N.D.N.Y. LOCAL R. 7.1(b)(2), "[o]pposing papers shall be filed with the court and served upon the opposing party not less than FOURTEEN CALENDAR DAYS prior to the return date of the motion." (emphasis in original). Local Rule 7.1(b)(3) makes it explicitly clear that "[f]ailure to file or serve any papers as required by this Rule *shall,* unless for good cause shown, be deemed by the court as consent to the granting ... of the motion." (emphasis supplied). Defendants served their motion papers on October 23, 1998 and, therefore, Plaintiffs have had ample notice of the pending motion. The motion was returnable on December 14, 1998. Plaintiffs have failed to timely file opposition papers or otherwise demonstrate good cause why Defendants' motion should not be granted. Further, plaintiffs failed to apply for an extension of

---

T Bank Corporation. Apparently, M & T Bank Corporation is a holding company that owns M & T Bank, National Association and Manufacturers and Traders Trust Company.

**2.** Defendants assert that they placed approximately 18 telephone calls to Capoccia that were not returned.

time within which to serve and file opposition papers. Thus, Defendants' motion to disqualify is granted. *See Fisher v. Vassar College,* 70 F.3d 1420, 1452 (2d Cir.1995); *Williams v. County of Schenectady,* 1997 WL 17655, at * 1 (N.D.N.Y. Jan. 9, 1997)(Scullin, J.); *Hercules Cement Co. v. Marotta,* 1997 WL 620815, at *1 (S.D.N.Y. Oct.8, 1997).

Even if the Local Rule did not mandate the granting of the motion, the Court would, nonetheless, disqualify Capoccia. An attorney may be disqualified if "a lawyer learns or it is obvious that the lawyer ought to be called as a witness on behalf of the client", DR 5–102(A), or "as a witness other than on behalf of the client [and the lawyer's testimony] is or may be prejudicial to the client." DR 5–102(B).[3] "The test under subdivision (A) is whether the attorney's testimony could be significantly useful to his client. If so, he should be disqualified regardless of whether he will actually be called." *Lamborn v. Dittmer,* 873 F.2d 522, 531 (2d Cir.1989) (citing *MacArthur v. Bank of New York,* 524 F.Supp. 1205, 1208 (S.D.N.Y.1981)). "Subdivision (B) comes into play where a lawyer's testimony would contradict or undermine his client's factual assertions." *Id.* (citing *Rice v. Baron,* 456 F.Supp. 1361, 1371 (S.D.N.Y.1978)).

In New York, the elements of a tortious interference with contract claim are: (1) the existence of a valid contract; (2) the alleged tortfeasor's knowledge of the contract and intentional interference with it; (3) defendant's intentional procuring of a breach of that contract; and (4) damages. *Lama Holding Co. v. Smith Barney, Inc.,* 88 N.Y.2d 413, 424, 646 N.Y.S.2d 76, 668 N.E.2d 1370 (1996); *Finley v. Giacobbe,* 79 F.3d 1285, 1294 (2d Cir.1996). There does not appear to be any dispute over the first element. However, Defendants do dispute whether they intentionally interfered with a contract; whether the contract was breached,

and whether there were any damages. It seems likely that, under the circumstances of this case, Capoccia ought to be called as a witness on behalf of Plaintiffs to establish their intentional interference with contract claim and, therefore, Capoccia should be disqualified under DR 5–102(A). Capoccia was the author of and a party to the alleged contract. Capoccia's testimony is, therefore, necessary to determine whether his contract with Plaintiffs was breached, the extent to which Defendants allegedly interfered with this contractual relationship, and whether Plaintiffs suffered any damages. Thus, Capoccia's testimony is central to Plaintiffs' theory of recovery. *See Bridges v. Alcan Const. Corp.,* 134 A.D.2d 316, 520 N.Y.S.2d 793, 794 (2d Dept., 1987); *Hempstead Bank v. Reliance Mortgage Corp.,* 81 A.D.2d 906, 439 N.Y.S.2d 202 (2d Dep't 1981) (disqualifying attorney in action to recover based on promissory note where plaintiff's counsel had specific and personal knowledge of the circumstances surrounding the promissory note in question).

### III. CONCLUSION

Because Plaintiffs have failed to file opposition papers and Capoccia's testimony could be significantly useful to his client, Capoccia is disqualified.

**IT IS SO ORDERED.**

---

**3.** DR 5–102 provides, in pertinent part:

(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial....

(B) If, after undertaking employment in contemplated or pending litigation, a lawyer learns that or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client.