■ CHLORIDE INCORPORATED, Respondent, v STANLEY S. BLAUSTEIN, Appellant. — Order, Supreme Court, New York County (Klein, J.), entered April 25, 1980, denying defendant's motion to dismiss, unanimously reversed, on the law, and the motion to dismiss granted, with costs and disbursements. In a prior action, this plaintiff, Chloride Incorporated, obtained a judgment of $236,803.30 against CMI Products, Inc. (CMI) for goods sold and delivered. At the commencement of that action Chloride moved for an order of attachment of CMI's assets in New York pursuant to CPLR 6201 (subd 1) on the basis that CMI, a foreign corporation, was not qualified to do business in New York. Before the court's determination of the motion, appellant in the instant action, Stanley S. Blaustein, in his capacity as president of CMI, filed to qualify to do business in New York. Chloride's motion for the order of attachment was subsequently denied on February 27, 1978. In March, 1978, Chloride's motion to renew on the basis that CMI's application to do business was perjurious and

made for the purpose of defeating the motion for attachment, was also denied. These two determinations were not appealed. Chloride proceeded successfully to litigate, obtaining its judgment against CMI in June, 1979. Thereafter, it seems CMI ceased doing business. Chloride has not been able to satisfy any part of that judgment. Chloride then commenced this action in December, 1979, alleging causes of action sounding in prima facie tort, false words causing special damage, fraud, and abuse of process, and claiming damages of $188,514.50, the amount of CMI's assets in New York which could have been attached had Chloride's original motion been granted, plus interest, punitive damages and attorneys' fees. Chloride alleges that the previous denials of its motion to attach were based on the perjurious statements of defendant-appellant Blaustein in CMI's filing with the Secretary of State. Special Term denied defendant-appellant's motion to dismiss asserting that the allegations in the complaint stated a cause of action, and that questions of fact had been presented as to the bases for the decisions denying attachment. To obtain an order of attachment, a plaintiff must show, in addition to one or more of the grounds set forth in CPLR 6201, that there is a cause of action, that it is probable that the plaintiff will succeed on the merits, and that the amount demanded from the defendant exceeds all counterclaims known to the plaintiff. (CPLR 6212, subd [a].) In the decisions accompanying denial of the motion and renewal thereof, seeking attachment, the court noted not only CMI's application with the Secretary of State, but also that plaintiff had not shown a probability of succeeding on the merits or that the amount demanded from the defendant exceeded all counterclaims known to the plaintiff. It is clear, therefore, that denial was not based solely on the fact that defendant had filed an application for authority to do business in New York, which contained the statements in question. Concur — Kupferman, J. P., Sullivan, Carro, Silverman and Lynch, JJ.