OPINION OF THE COURT
Angela M. Mazzarelli, J.
In this action for conversion and fraud, plaintiff Banco Internacional, S. A., moves to confirm a prejudgment ex parte order of attachment. The defendant, Vilaseca, whose account has been attached, seeks to vacate the attachment or, in the alternative, to reduce the levy.
Plaintiff bank alleges that the defendants conspired to fraudulently convert and obtain certain funds from the account of one of the plaintiff’s customers. Papers were presented to Banco Internacional, S. A., to authorize it to withdraw funds from its customer’s account and to issue certain checks. These instructions were forgeries. A portion of the proceeds from these checks have been deposited in the defendant Vilaseca’s account in a different bank in New York City.
The plaintiff commenced this action in order to obtain, inter alia, return of the allegedly converted funds. Pursuant to CPLR 6201, plaintiff was granted an ex parte order of attachment on the ground that the defendant Vilaseca is a nondomiciliary residing outside the State of New York. The bank then levied upon Vilaseca’s account.
Pursuant to CPLR 6201 (1), an order of attachment may be granted against a defendant when the plaintiff has demanded and would be entitled, "in whole or in part”, to a money judgment against the defendant and the defendant "is a nondomiciliary residing without the state”. Like all other ex parte applications, grounds must have been shown for the relief to be granted (see, CPLR 6212, 6223) which are sufficient to make out a prima facie case (AMF Inc. v Algo Distribs., 48 AD2d 352). An ex parte order of attachment will be vacated if a plaintiff has not sustained its burden of establishing the grounds for the attachment, the need for continuing the levy, and the probability that it will be successful on the trial (CPLR 6211 [b]; 6212 [a]; 6223 [b]; Karnell v Mincieli, 81 AD2d 634; Chloride, Inc. v Blaustein, 82 AD2d 743).
In this case, the plaintiff bank has demanded, and, if its allegations are proven, would be entitled to, a money judgment against Vilaseca. From a review of the record currently before the court, it appears that plaintiff has a likelihood of success *74 on the merits. Further, the defendant Vilaseca is a nondomiciliary of New York and apparently resides outside the State of New York. Thus, plaintiff has satisfied the requirements for an attachment pursuant to CPLR 6201 (1).
Furthermore, the plaintiff has established a continuing need for the levy (see, Elton Leather Corp. v First Gen. Resources Co., 138 AD2d 132; Giorgio Morandi, Inc. v Texport Corp., 697 F Supp 777). A purpose of New York’s attachment statute is to secure a judgment against nondomiciliaries and nonresidents (ITC Entertainment v Nelson Film Partners, 714 F2d 217).
Here, the record sufficiently establishes facts that demonstrate this court’s long-arm jurisdiction over defendant. Specifically, this court has jurisdiction under the provisions of CPLR 302 (a) (1) ("transact[ed] business”) and (a) (2) C'committfed] tortious act[s] within the state”). On his own and via his agent, Vilaseca transacted business in New York and thus invoked the benefits and protections of New York law (see, Staten Is. Hosp. v Alliance Brokerage Corp., 166 AD2d 574). Further it is alleged that through his conspiracy with his codefendants, Vilaseca committed tortious acts within the State (see, Dixon v Mack, 507 F Supp 345). Vilaseca’s contacts with New York, which all concerned the funds at issue, support the exercise of this court’s jurisdiction, particularly in the context of an attachment (see, Banco Ambrosiano, S.p.A. v Artoc Bank & Trust, 62 NY2d 65).
Accordingly, defendant Vilaseca’s motion is denied in its entirety; and the plaintiff bank’s application to confirm the attachment is granted.