■ Town of Hempstead, Plaintiff, v Certain Underwriters at Lloyd's of London et al., Defendants. F. Glen Gabriel et al., Third-Party Plaintiff-Respondent, v J. H. Minet & Co., Ltd., Third-Party Defendant, and Insurisk Excess and Surplus Lines, Sued Herein as Insurisk Insurance Services, Third-Party Defendant-Appellant. (And Related Actions.)—In an action to recover damages for breach of contract, the third-party defendant, Insurisk Insurance Services, appeals from an order of the Supreme Court, Nassau County (Lockman, J.), dated December 11, 1987, which denied its motion to dismiss the third-party complaint.

Ordered that the order is affirmed, with costs.

Insurisk Insurance Services (hereinafter Insurisk), an Arkansas corporation, was asked to procure excess insurance coverage for the Town of Hempstead, at the behest of the defendant third-party plaintiffs F. Glen Gabriel and the Harry V. Bender Agency, Inc. The Town of Hempstead commenced this lawsuit when an attempt was made to rescind the insurance policies which had been issued on its behalf. A third-party action was later instituted against Insurisk, based upon allegations that it had made fraudulent misrepresentations in connection with its procurement of insurance coverage for the town. At issue on appeal is whether Insurisk is subject to the jurisdiction of the courts of this State.

In *Kreutter v McFadden Oil Corp.* (71 NY2d 460), the Court of Appeals recognized that jurisdictional strictures have been relaxed in view of technological advances which permit a party to conduct an enormous volume of business in a State without ever entering the State. Accordingly, the court noted that a State may acquire personal jurisdiction over a nondomiciliary: "So long as a party avails itself of the benefits of the forum, has sufficient minimum contacts with it, and should reasonably expect to defend its actions there, due process is not offended if that party is subjected to jurisdiction even if not 'present' in the State *(see, McGee v International Life Ins. Co.,* 355 US 220, 222-223; *see also, Burger King Corp. v Rudzewicz,* 471 US 462; *World-Wide Volkswagen Corp. v Woodson,* 444 US 286, 292; *International Shoe Co. v Washington,* 326 US 310). Specifically, in the *International Shoe* case the court held that 'the privilege of conducting activities within a state * * * may give rise to obligations, and, so far as those obligations *arise out of* or are connected with the activities within the state, a procedure which requires [a party] to respond to a suit brought to enforce them can, in most instances, hardly be said to be undue' *(id.,* at 319 [emphasis added])" *(Kreutter v McFadden Oil Corp.,* 71 NY2d, at 466-467).

The jurisdictional contacts in the instant case consisted, *inter alia,* of extensive contract negotiations among Insurisk and the subject parties which were conducted by telephone calls and letters to New York; a meeting in New York; delivery of the insurance contracts in New York and the continued provision of services respecting claims which accrued under the policies. We note, moreover, that it would not offend notions of fair play and substantial justice to hold Insurisk amenable to the jurisdiction of this State since its

activities in New York were purposeful and directly linked to the activities of the defendant third-party plaintiffs (see, *Burger King Corp. v Rudzewicz*, 471 US 462, 485-486). Accordingly, the order appealed from is affirmed. Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.