■ U.N.F. Services, Inc., Respondent, v Insurance Company of North America, Also Known as INA or Cigna Corporation, et al., Defendants, and Mountain States Mutual and Casualty Co., Appellant. [653 NYS2d 366] —In an action, *inter alia*, to recover damages for breach of contract and negligence, the defendant Mountain States Mutual and Casualty Co. appeals from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated November 9, 1995, as denied its motion to dismiss the complaint insofar as asserted

against it for lack of personal jurisdiction and forum non conveniens. Justice Santucci has been substituted for the late Justice Hart (*see*, 22 NYCRR 670.1 [c]).

Ordered that the order is affirmed insofar as appealed from, with costs.

The appellant, Mountain States Mutual and Casualty Co. (hereinafter Mountain States), a New Mexico corporation, provided workers' compensation insurance coverage to the plaintiff, U.N.F. Services, Inc. (hereinafter UNF), a New York corporation. In 1993 UNF commenced this action against, *inter alia*, Mountain States. The Supreme Court denied Mountain States' motion to dismiss the action insofar as asserted against it. We affirm.

Over the course of the parties' approximately five-year relationship, Mountain States mailed policies and policy renewals to UNF, serviced the subject policies via both mail and telephone, and billed and collected premiums from UNF. Such actions by Mountain States were both sufficient to constitute "doing business" in New York pursuant to the relevant provisions of the Insurance Law (*see*, Insurance Law § 1101 [b] [1]; § 1213 [b] [1]; *Farm Family Mut. Ins. Co. v Nass*, 121 AD2d 498) and to constitute "minimum contacts" with New York such that the maintenance of an action in this State would not offend traditional notions of fair play and substantial justice, and such that Mountain States reasonably could have anticipated being haled into the courts of this State (*see, Ford v Unity Hosp.*, 32 NY2d 464; *Town of Hempstead v Certain Underwriters at Lloyd's of London*, 148 AD2d 527; *Burger King Corp. v Rudzewicz*, 471 US 462; *World-Wide Volkswagen Corp. v Woodson*, 444 US 286; *Hanson v Denckla*, 357 US 235). Thus, the Supreme Court properly held that there was a proper basis for the exercise of in personam jurisdiction over the appellant.

There is no merit to Mountain States' contention that its actions did not give rise to jurisdiction pursuant to an exception found in Insurance Law § 1101 (b) (2) (D), which exempts: "transactions with respect to policies or annuity contracts lawfully issued without this state occurring subsequent to issue, if, at the time of issue, such polices or contracts covered subjects of insurance or risks not resident or located in this state". Although research has revealed no case law construing this provision, the relevant legislative history indicates that the exception was intended to exempt "transactions by mail with respect to existing policies (so that no existing contractual rights will be jeopardized)" (Mem of St Exec Dept, 1970 McKinney's Session Laws of NY, at 2898; *see also*, 1 New York Insurance Law

§ 13.02 [3], at 13-14, n 34 [exception intended to apply to servicing of "(p)olicies issued in another state covering a risk located in such state, where the insured subsequently moves to New York"]). Accordingly, that exception is not applicable here.

Mountain States failed to carry its burden of establishing that New York was an inconvenient forum for resolution of the issues presented (*see, Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 479, *cert denied* 469 US 1108; *Stamm v Deloitte & Touche*, 202 AD2d 413).

We have considered the parties' remaining contentions and find them to be without merit. Miller, J. P., Ritter, Copertino and Santucci, JJ., concur.